455 A.2d 162

**COMMONWEALTH of Pennsylvania**

**v.**

**John L. GOLDEN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1981.

Filed Jan. 21, 1983.

Kenneth B. Skelly, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

Appellant entered guilty pleas to two charges of robbery and one of criminal conspiracy on March 19, 1980. He was sentenced to terms of imprisonment of five to fifteen years on the robbery charges, the sentences to run concurrently, and five to ten years on the conspiracy count, also to be served concurrently. Restitution was also ordered. On appeal, Mr. Golden challenges the validity of the criminal informations filed against him and also alleges sentencing error. We affirm.

■ Appellant contends that the criminal informations were defective because they did not contain the signature of the District Attorney as is required by Pa.R.Crim.P. 225(b). The informations were affixed only with a "rubber stamp" facsimile of the signature of the District Attorney of Dauphin County. Recently, our court held that the mere stamping of signature does not satisfy the requirements of Rule 225(b). See *Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982), in which we upheld an earlier decision of our court in *Commonwealth v. Emanuel*, 285 Pa.Super. 594, 428 A.2d 204 (1981), that the rubber stamp alone was not enough.

We agree, therefore, with appellant's contention that the information should have been signed. However, we find that any claim as to the deficiency has been waived.

Appellant raises this issue for the first time on appeal but argues that he may do so because the absence of a signature renders the information void *ab initio*. We expressly rejected this theory in *Veneri, supra*, in which we held that "the signature requirement of Pa.R.Crim.P. 225(b) is directory only and ... its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash," pursuant to Pa.R.Crim.P. 306. (306 Pa.Super. 402, 452 A.2d at 788.)

We must conclude, as we did in *Veneri*, that since no pretrial motion to quash the informations was filed, appellant has waived this claim.

We turn next to appellant's sentencing arguments.

■ It is clear that our scope of review is quite narrow as to the legality and propriety of a particular sentence. Sentencing is left to the discretion of the trial judge whose determination will be reversed only when the sentence exceeds the statutorily prescribed limits or is manifestly excessive. *Commonwealth v. Lee,* 450 Pa. 152, 299 A.2d 640 (1973). Great deference is given to the trial court's decision since it is in a far better position to weigh the various factors involved in deciding on an appropriate sentence. *Commonwealth v. Pauze,* 265 Pa.Super. 155, 401 A.2d 848 (1979).

In *Commonwealth v. Doyle,* 275 Pa.Super. 373, 380, 418 A.2d 1336, 1340 (1979), we explained:

> ... The court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and must impose a sentence that is the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.

■ Our review of the record indicates that the lower court properly considered appellant's character as well as the seriousness of the offenses for which he was being sentenced.

Appellant urges that his drug and alcohol addiction problems were not given proper consideration by the court. However, at sentencing the lower court acknowledged that appellant had such problems but noted that previous attempts to rid himself of them had been of limited duration. Therefore, the court did not believe that the prospects for long term improvement in his behavior were likely to be enhanced by a term of probation. Rather, the court concluded that a term of imprisonment was necessary to impress upon appellant the seriousness of the crimes to which he pleaded guilty.

At the sentencing hearing, appellant, his wife and a psychologist, who was treating him, all testified. The lower

court indicated throughout the hearing that he understood their position and, in fact, saw some merit to it, but nonetheless believed the circumstances involving two armed robberies called for a prison sentence. Given our limited scope of review, we cannot reverse this decision. As we explained in *Commonwealth v. Campolei*, 284 Pa.Super. 291, 299, 425 A.2d 818, 822 (1981):

> It is not our function to decide whether we agree with this statement [of the trial court's reasons for sentence] in the sense that if we had been the sentencing court, we should have said the same thing and imposed the same sentence. We must rather decide whether the sentence is "manifestly excessive." In making this decision, we must evaluate three factors: whether the confinement imposed on appellant is consistent with the protection of the public, the gravity of appellant's offenses, and appellant's rehabilitative needs.

As was the case in *Campolei*, appellant points to his improved life-style as a reason to avoid a prison sentence. We are concerned as we were in that case that an extended prison term may have the effect of undoing whatever rehabilitation appellant has achieved. However, this concern does not justify a reversal of judgment of sentence within the statutory limits, given the seriousness of the crime, the need to protect the public from other such offenses, and finally, given the lower court's assessment of appellant's rehabilitative needs.[1]

Judgment of sentence affirmed.

1. We note briefly related claims made by appellant. Our review of the record indicates that he was in fact permitted to testify at the sentencing hearing as were character witnesses on his behalf.

As to the disparity in sentences imposed upon appellant and his accomplice, we note that his accomplice was convicted only of robbery whereas appellant was convicted of two charges of robbery and one of criminal conspiracy. Furthermore, as is discussed above, the court considered appellant's character and background in determining his sentence, as is required by our individualized sentencing procedure. See *Commonwealth v. Harris*, 286 Pa.Super. 601, 609, 429 A.2d 685, 689 (1981).

Finally, although the sentencing judge did not specifically refer to the Sentencing Code Guidelines,* its assessment of appellant's charac-

ter, the circumstances of the crime and the seriousness of it indicate to us that he did consider and apply them. See *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1982).

* Act of December 6, 1972, P.L. 1482, No. 334 § 1301, added December 30, 1974, P.L. 1052, No. 345, 42 Pa.C.S.A. § 9701 et seq.