531 A.2d 485

**COMMONWEALTH of Pennsylvania**

v.

**Charles DENNIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 3, 1987.

Filed Sept. 21, 1987.

Joseph J. Yeager, Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, for Com., appellee.

Before CIRILLO, President Judge, and HOFFMAN and HESTER, JJ.

HESTER, Judge:

This is a direct appeal from a judgment of sentence entered on February 26, 1987. Appellant was convicted of voluntary manslaughter and burglary and sentenced to a term of imprisonment of two and one-half to five years followed by a five year probationary period. Appellant alleges that the trial court erred by sentencing him to a state correctional institution to be determined by the Bureau of Corrections instead of a county correctional facility. We disagree, and affirm the judgment of sentence.

The record reveals the following. On April 14, 1986, appellant was apprehended for burglarizing a bar. While

out on bail on burglary charges, appellant quarreled with his neighbor, Alexander Kaminski, on July 19, 1986. The two men shoved each other, then appellant punched Kaminski in the face and head, killing him.

On December 5, 1986, appellant pled guilty to burglary and voluntary manslaughter. Following his sentencing, appellant filed a motion to modify his sentence on March 6, 1987. The trial court denied this motion on March 24, 1987. This appeal followed.

Appellant's sole argument is that the trial court abused its discretion in sentencing him to a state institution to be determined by the Bureau of Corrections (hereinafter Bureau) [1].

The Bureau derives its authority to confine persons in its custody from 42 Pa.C.S. § 9762, which provides:

All persons sentenced to total or partial confinement for:

(1) maximum terms of five or more years shall be committed to the Bureau of Correction for confinement;

(2) maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court;

(3) maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court except that as facilities become available on dates and in areas designated by the Governor in proclamations declaring the availability of State correctional facilities, such persons may be committed to the Bureau of Corrections for confinement.

Any defendant who receives a maximum sentence of five years or more is committed to the Bureau's custody under subsection (1). "In these cases, there is no discretion to be exercised by the Bureau; rather the legislature has directed where custody is to be vested and the Bureau has no choice but to provide placement in one of its facilities for confine-

1. Appellant has not challenged the legality or length of his sentence.

ment." *County of Allegheny v. Commonwealth,* 507 Pa. 360, 379, 490 A.2d 402, 412 (1985).

As appellant received a maximum sentence of five years imprisonment, and the legislature has mandated that the place of confinement for such sentences is to be determined by the Bureau, the trial court did not abuse its discretion when imposing appellant's sentence. The judgment of sentence is affirmed.