534 A.2d 836

**COMMONWEALTH of Pennsylvania**

v.

**Robert SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1987.

Filed Dec. 16, 1987.

John P. Hendrzak, Assistant Public Defender, Doylestown, for appellant.

Lawrence M. Cherba, Assistant District Attorney, Doylestown, for Com., appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

MONTEMURO, Judge:

Appellant Robert Smith appeals from the judgment of sentence of the Court of Common Pleas of Bucks County entered on November 21, 1986. Appellant was convicted by a jury of homicide by vehicle,[1] involuntary manslaughter,[2]

---

1. 75 Pa.C.S.A. § 3732.
2. 18 Pa.C.S.A. § 2504.

and driving under the influence of alcohol.[3] He was sentenced to a period of incarceration of 29½ to 59½ months on the homicide by vehicle charge and a consecutive two year period of probation on the driving under the influence charge.[4]

Appellant was the operator of a motor vehicle involved in a two vehicle accident on August 13, 1985. The evidence presented at trial established that appellant's vehicle had crossed the center line of the highway and struck a vehicle operated by Mrs. Margery Dewar head on. The impact of the crash sent Mrs. Dewar's vehicle over an embankment, killing her. Blood tests taken two hours after the accident revealed that appellant's blood alcohol content was 0.09%.

Appellant was convicted by a jury of homicide by vehicle, involuntary manslaughter, and driving under the influence of alcohol. A sentencing hearing was held, at which the victim's husband testified. A presentence investigation was also submitted. The trial judge sentenced appellant to a term of 29½ to 59½ months imprisonment on the homicide by vehicle conviction and a consecutive 2 year period of probation on the driving under the influence conviction. In addition, the trial judge ordered one hundred hours of community service to be performed during the probationary period and two hundred hours during the parole period. The court granted a reconsideration of sentence hearing but made no changes in appellant's sentence. This timely appeal seeking remand for resentencing followed.

Appellant claims that the trial court abused its discretion because it failed to consider the sentencing guidelines in imposing sentence. He also contends that the reasons set forth for deviating from the sentencing guidelines and imposing a sentence of 29½ months to 59½ months, one half

---

3. 75 Pa.C.S.A. § 3731.

4. The trial court initially imposed the 2 year probation on the involuntary manslaughter conviction; however, after recognizing that the homicide by vehicle and the involuntary manslaughter convictions merged for sentencing purposes, the trial court re-imposed the probationary period on the driving under the influence conviction. See *Commonwealth v. Houtz*, 496 Pa. 345, 437 A.2d 385 (1981).

month less than the five year statutory maximum sentence, were wholly insufficient.[5]

Appellant appeals from a discretionary aspect of sentence. We as an appellate court may allow such an appeal "where it appears that there is a substantial question that the sentence imposed is not appropriate...." 42 Pa.C.S.A. § 9781(b). The proper procedure to be followed in cases brought under Section 9781(b) is set forth in Pa.R.A.P. 2119(f), which states, in part, that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence." *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 511, 522 A.2d 17, 20–21 (1987). Because the failure to conform to the appellate rules when challenging a discretionary aspect of sentencing is a procedural defect, such a defect is waived if it is not objected to by appellee. In that event, the failure to comply with Pa.R.A.P. 2119(f) may be overlooked. *Commonwealth v. Krum*, 367 Pa.Super. 511, 517–518, 533 A.2d 134, 137 (1987) (*en banc*); *Commonwealth v. Rumbaugh*, 365 Pa.Super. 388, 391, 529 A.2d 1112, 1114 (1987).

■ Because appellant's brief in the case before us does not contain a "concise statement of the reasons relied upon for the allowance of appeal," it does not conform to the requirements of Pa.R.A.P. 2119(f). However, the Commonwealth's failure to object to this procedural defect effects a waiver of the defect. Therefore, this Court will decide whether this appeal will be allowed by determining whether there exists a "substantial question" that the sentence involved in the instant case is not appropriate. *See* 42 Pa.C.S.A. § 9781(b); *Krum, supra.*

5. According to the Sentencing Guidelines, the mitigated range for homicide by vehicle in this case is non-confinement; the standard range 0–12 months; the aggravated range 12–18 months. *See* 42 Pa.C.S.A. § 9721. The maximum permissible sentence permitted for homicide by vehicle, a misdemeanor of the first degree, is five years. *See* 18 Pa.C.S.A. § 1104.

■   We find that appellant's assertion that the trial court abused its discretion in deviating from the guidelines does not present us with a substantial question with respect to the appropriateness of his sentence.[6]   In *Commonwealth v. Darden,* 366 Pa.Super. 597, 531 A.2d 1144, we stated:

> while the sentencing court is required to 'consider' the applicable guidelines, and while the reasons for any deviation from the applicable standard range of the guidelines must be in writing, the determination of whether the sentence is 'not appropriate,' 'clearly unreasonable,' or 'unreasonable' must be made with reference to the sentencing code *as a whole,* not solely with reference to the provisions of the sentencing guidelines, *Commonwealth v. Tuladziecki, supra,* [513 Pa.] at 514, 522 A.2d at 20; *see also* 42 Pa.C.S.A. 9781(b) and (c).

*Id.,* 366 Pa.Superior Ct. at 608, 531 A.2d at 1150.   (Slip opinion at 10–11).   The trial courts of this Commonwealth are afforded substantial deference in sentencing.   Generally, the trial court's determination of an appropriate sentence will be upheld, so long as the sentence is within the statutory maximum, they place their reasons for the sentence on the record, and they adhere to the general standard "... that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs

---

**6.** We note that our supreme court's recent decision in *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775, which invalidated the Pennsylvania Sentencing Guidelines, is inapplicable to the present case.   In *Sessoms* the court limited the applicability of its decision by instructing that it be retroactively applied only to those cases where a challenge to the constitutionality of the sentencing guidelines has been properly preserved throughout all stages of adjudication, up to and including any direct appeal.   *Id.,* 516 Pa. at 380 n. 2, 532 A.2d at 782 n. 2, citing *Commonwealth v. Cabeza,* 503 Pa. 224, 233, 469 A.2d 146, 148 (1983).   *See also Commonwealth v. Samuels,* 516 Pa. 300, 532 A.2d 404, (challenge to constitutionality of the guidelines must be preserved in order for *Sessoms* to apply retroactively).   Because appellant has not preserved a challenge to the constitutionality of the guidelines, *Sessoms* is inapplicable and judgment of sentence may be reversed only if the trial court abused its discretion in deviating from the guidelines.

of the defendant...." 42 Pa.C.S.A. § 9721(b). *See also Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). There is no requirement that the sentence imposed be within the recommended guidelines. However, if the sentencing court deviates from the guidelines it must provide a contemporaneous written statement of its reasons for deviating from the guidelines. The requirement of a contemporaneous written statement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. *See Commonwealth v. Chesson*, 533 Pa.Super. 255, 509 A.2d 875 (1986); *Commonwealth v. Royer*, 328 Pa.Super. 60, 69, 476 A.2d 453, 457 (1984).

■ In the case at bar, the trial court clearly complied with the aforementioned requirements. Our review of the trial judge's colloquy delivered at sentencing proceeding reveals that, while he was influenced by the seriousness of the offense, he also considered the sentencing guidelines; the impact of the crime on the victim and the community; the rehabilitative needs of appellant; and a presentence report in imposing a sentence which is within the statutory limits. As a result, there is not a substantial question regarding the appropriateness of appellant's sentence.

Accordingly, judgment of sentence is affirmed.