545 A.2d 886

**COMMONWEALTH of Pennsylvania**

v.

**David Wayne STALNAKER, Appellant.**

Superior Court of Pennsylvania.

Argued April 5, 1988.

Filed May 23, 1988.

182

James K. Jones, Carlisle, for appellant.

Merle L. Ebert, Jr., Assistant District Attorney, York, for Com., appellee.

Before BROSKY, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Appellant, David Wayne Stalnaker, appeals from the judgment of sentence which was entered following the acceptance of his guilty pleas to five (5) counts of Robbery. The sentence imposed required appellant to serve a period of incarceration of two (2) to five (5) years less one day in a state correctional institution.

On February 6, 1987, appellant and several compatriots drove to a 7–Eleven convenience store. Appellant, who owned and operated the vehicle, remained in the vehicle while his two friends entered the store, pointed a pellet pistol at the clerk, and demanded cash. The two then fled

the scene in appellant's vehicle with appellant driving. Shortly after the incident, the police stopped appellant and discovered ski masks, the pellet gun, and a bag containing cash. After waiving his *Miranda* rights, appellant confessed to being the driver of the vehicle involved in the 7–Eleven robbery as well as the driver in four other unsolved robberies. Appellant also supplied the police with information concerning three other robberies, in which he was not involved. The District Attorney's Office entered into an agreement with appellant under which the District Attorney agreed to recommend a sentence of two (2) to five (5) years in exchange for appellant's guilty pleas on the five counts of Robbery and his testimony against various criminal defendants. In addition, the District Attorney agreed not to seek the five (5) year mandatory minimum sentence for crimes committed with the use of a firearm. Appellant entered guilty pleas to the five (5) counts of Robbery and was sentenced to serve a period of confinement in a state correctional facility of not less than two (2) years nor more than five (5) years less one day. Appellant filed a timely petition to modify sentence which the court denied. This timely appeal followed. We affirm.

Appellant's sole contention on appeal is that the court abused its discretion in requiring him to serve his sentence in a state correctional institution rather than a county facility. Pennsylvania's Sentencing Code, 42 Pa.C.S.A. §§ 9701–9781, contains a provision which provides guidance to the courts of this Commonwealth in determining the appropriate facility for confinement based on the maximum term of confinement imposed. That section provides:

All persons sentenced to total or partial confinement for:

(1) maximum terms of five or more years shall be committed to the Bureau of Correction for confinement;

(2) maximum terms of two years or more but less than five years *may* be committed to the Bureau of Corrections for confinement *or may* be committed to a county prison within the jurisdiction of the court;

(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of

the court except that as such facilities become available on dates and in areas designated by the Governor in proclamations declaring the availiability of State correctional facilities, such persons may be committed to the Bureau of Correction for confinement.

42 Pa.C.S.A. § 9762 (emphasis added). Under subsection (1) of this provision individuals who receive a maximum sentence of five (5) years or more must be committed to the custody of the Bureau of Corrections, the agency responsible for administering the state correctional system and its facilities. Under subsection (2) the decision as to the proper authority for custody lies with the sentencing court rather than the Bureau of Corrections. Consequently, the decision whether to place prisoners sentenced to a maximum period of two (2) years or more but less than five (5) years in a county facility, or to relinquish custody of such individuals to the Bureau of Corrections for placement in a state facility, "is within the sound discretion of the trial judge." *See County of Allegheny v. Commonwealth,* 507 Pa. 360, 379, 490 A.2d 402, 412 (1985); *See also Commonwealth v. Dennis,* 366 Pa.Super. 412, 531 A.2d 485 (1987).

 In the present case appellant received a maximum sentence of five (5) years less one day. As a result appellant's sentence falls within the parameters of subsection (2). The decision to place appellant in the custody of the Board for placement in a state facility rather than a county facility was within the sound discretion of the trial court. Because appellant's sentencing claim was one which is vested in the discretion of the trial court, this appeal constitutes an appeal from the discretionary aspects of sentence. Pursuant to 42 Pa.C.S.A. § 9781(b) an appellate court may allow an appeal from the discretionary aspects of sentence "where it appears that there is a substantial question that the sentence imposed is not appropriate...." 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Smith,* 369 Pa.Super. 1, 4, 534 A.2d 836, 837 (1987). The procedure to be followed when appealing from the discretionary aspects of sentence under 42 Pa.C.S.A. § 9781(b) is set forth in Pa.R.A.P. 2119(f), which provides:

(f) Discretionary aspects of sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for the allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

See Commonwealth v. Tuladziecki, 513 Pa. 508, 522 A.2d 17 (1987); Commonwealth v. Krum, 367 Pa.Super. 511, 533 A.2d 134 (1987).

Appellant's brief contains a concise statement of the reasons relied on for appeal conforming to the requirements of Rule 2119(f). Thus, appellant has satisfied the procedural requirements for properly raising a challenge to the discretionary aspects of sentence. However, we still must determine whether appellant has raised a substantial question as to whether the sentence imposed is appropriate under the Sentencing Code as a whole. See Commonwealth v. Darden, 366 Pa.Super. 597, 602, 531 A.2d 1144, 1147 (1987). We find that because of appellant's age at the time of the offense, the lack of any prior criminal history, and the relative harshness of a state as opposed to a county sentence, a substantial question exists with respect to the appropriateness of his sentence. We therefore allow his appeal.

■ The Pennsylvania Sentencing Commission has provided guidelines to aid trial courts in determining the time to be served by an individual following conviction. See 204 Pa.Code § 303.8. However, little if any guidance exists to aid the trial court in exercising its discretion with respect to determining the place for confinement under 42 Pa.C.S.A. § 9762(2). While a convicted individual has no constitutional or other inherent right to serve his imprisonment in any particular institution or type of institution, Commonwealth ex rel. Radziewicz v. Burke, 169 Pa.Super. 263, 82 A.2d 252 (1951), a court should consider the differences between the state and county prison environment in choosing to sentence

an individual to a state rather than a county facility. In *Commonwealth v. Ward*, 340 Pa.Super. 1, 489 A.2d 809 (1985), we recognized:

The policy behind requiring that a person sentenced to simple imprisonment serve the sentence in a county jail and not a state penitentiary, recognizes that such a person, who is rarely in trouble, should not be subjected to imprisonment with persons guilty of serious misdemeanors or felonies.

*Id.*, 340 Pa.Superior Ct. at 8, 489 A.2d 812.

■ As a general proposition, sentencing matters are vested in the sound discretion of the trial court and sentence will not be reversed in the absence of an abuse of discretion. *Commonwealth v. Meo*, 362 Pa.Super. 328, 332, 524 A.2d 902, 904 (1987). The reason for according the decision of the trial court great deference in sentencing matters is that "it is in a far better position to weigh the factors involved in deciding on an appropriate sentence." *Commonwealth v. Golden*, 309 Pa.Super. 286, 289, 455 A.2d 162, 163 (1983). The only constraints placed on the exercise of the trial court's discretion in sentencing matters is that the sentence imposed must be within the statutory limits and the reasons for the sentence must be placed on the record. In addition, the statement of the reasons for sentence must demonstrate that the trial court has considered the sentencing guidelines and adhered to the general standard "... that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See* 42 Pa.C.S.A. § 9721; *Commonwealth v. Smith, supra*, 369 Pa.Superior Ct. at 5, 6, 534 A.2d 838 (1987). If the court deviates from the sentencing guidelines, there is an additional requirement that it provide a contemporaneous written statement of the reasons for sentencing outside the guidelines. *Commonwealth v. Chesson*, 353 Pa.Super. 255, 509 A.2d 875 (1986).

■ Turning to the merits of the case at hand, we find that the trial court's decision to commit appellant to a state

correctional institution, rather than a county facility, did not constitute an abuse of discretion. Our review of the sentencing proceeding reveals that the trial court thoroughly considered and balanced the factors enumerated in the Sentencing Code, as well as a presentence report, in determining that a state correctional facility was the appropriate place for appellant to serve his sentence. Appellant plead guilty to five counts of Robbery, a felony offense which carries a possible maximum penalty of 20 years. *See* 18 Pa.C.S.A. § 3701; 18 Pa.C.S.A. § 1103. In addition, the District Attorney agreed not to pursue the mandatory five (5) year sentence for offenses committed with a firearm. *See* 42 Pa.C.S.A. § 9712(a); *See also Commonwealth v. Williams*, 353 Pa.Super. 312, 509 A.2d 1292 (1986) (holding that unarmed accomplice having knowledge that firearm was visibly possessed by co-felon in the commission of a crime is properly sentenced in accordance with the mandatory minimum provisions of the Sentencing Act). The court also considered the fact that appellant was extremely cooperative with the authorities and provided testimony which led to convictions in several other robbery cases. In its colloquy at the sentencing hearing, the court stated:

Mr. Stalnaker, I don't mean to belie your cooperation with the State Trooper and his strong recommendation for you. I think though, sir, that you got quite a break from the District Attorney when he didn't pursue the five year mandatory minimum in your case, which he had every right to do. And I hardly need to remind you that your compatriot received such a sentence. So I think that you received a considerable break in that respect.

N.T. September 1, 1987, p. 12. In determining the appropriate facility for incarceration, the court placed considerable weight on the recommendation of Mr. Herr, an employee of the Probation Office. When asked about the relative advantages and disadvantages of the county versus the state system, Mr. Herr responded:

Well, your Honor, the obvious advantage of the county system would be the work release program that the state

system cannot offer. However, there are a number of educational and vocational programs at the state institution which, if taken advantage of, both boys could benefit from.

*Id.* at 13. The court's decision to sentence appellant to a state institution was a carefully weighed decision in which it considered, among other permissible factors, the fact that the state system provided programs that would foster appellant's educational and vocational needs. We find that this was a proper consideration of appellant's rehabilitative needs, especially in light of the fact that appellant did not have a high school diploma or any significant vocational training. While it is extremely unfortunate that a nineteen year old boy, with no prior criminal record, has been sentenced to imprisonment at a state penitentiary, we cannot say that the court abused its discretion in reaching its decision. The record demonstrates that the court carefully balanced the seriousness of the offense committed, the impact of the crimes on the victims, and appellant's rehabilitative needs, as well as appellant's cooperation with the authorities, in concluding that a state sentence was appropriate. Accordingly, we find that the trial court committed no error and affirm the judgment of sentence.

Judgment of sentence affirmed.