J-S32039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEVEN A. DONTON | |
| Appellant | No. 2509 EDA 2015 |

Appeal from the Judgment of Sentence June 29, 2015
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0012644-2002

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　　**FILED JUNE 20, 2017**

Appellant, Steven A. Donton, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas following the revocation of his probation. Appellant contends the court abused its discretion when imposing a sentence that was manifestly harsh and excessive. We affirm.

We adopt the recitation of the procedural history relevant to this appeal as stated by the trial court.

> At a **Gagnon**[1] hearing on March 4, 2015,[2] the [c]ourt found that [Appellant] knowingly, intelligently and

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] In the March 4, 2015 order, the trial court recommended that Appellant be imprisoned at SCI—Chester. Appellant's Brief at 6. We note that this order was not in the record transmitted to this Court. However, the accuracy of the document is not disputed, therefore we can consider it. **See**

voluntarily stipulated that he was in violation of the terms of his probation.[3]   On June 29, 2015, the [c]ourt sentenced Appellant to a two (2) to five (5) year term of imprisonment at SCI— Graterford.[4]   On July 15, 2015, Appellant filed a timely notice of appeal.  By Order dated August 18, 2015, and filed on August 19, 2015, the [c]ourt directed Appellant to file a Concise Statement of Matters Complained of on Appeal ("Concise Statement") within twenty-one (21) days from the date of the docket of the Order, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and to serve a copy of the same upon this [c]ourt.  The [c]ourt mistakenly mailed the Order to Montgomery County Correctional Facility and received a "return to sender/unclaimed notice" from the postal service on August 25, 2015.  That same date, the [c]ourt sent another copy of the Order directing Appellant to file a Concise Statement via certified mail to SCI—Graterford.  A representative at SCI—Graterford signed the green return receipt on August 27, 2015.

Trial Court Op., 9/25/15, at 1-2 (footnote omitted).[5]   As of the date of the

filing of the trial court opinion, the court had not received Appellant's Rule

---

***Commonwealth v. Barnett***, 121 A.3d 534, 545 n.3 (Pa. Super. 2015), *appeal denied*, 128 A.3d 1204 (Pa. 2015).

[3] ***See*** N.T., 6/29/15, at 11.  The certified record transmitted on appeal did not initially include the June 29th notes of testimony from the sentencing hearing.  Upon informal inquiry by this Court, the trial court provided the transcript.  We remind Counsel the appellant bears the burden of "ensur[ing] that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." ***Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*) (citations omitted).

[4] ***See Commonwealth v. Kalichak***, 943 A.2d 285, 290 (Pa. Super. 2008) (holding that the revocation of probation involves the imposition of a new sentence).

[5] The trial court noted:

1925(b) statement. The trial court found that Appellant waived the issues raised on appeal for failing to file a Rule 1925(b) statement. *Id*. at 2.

On December 3, 2015, the appeal was dismissed for failure to file a brief. On December 10, 2015, this Court vacated the December 3rd dismissal order and reinstated the appeal. On February 9, 2016, this Court ordered the trial court to "resolve Appellant's representation status . . . ." On April 21, 2016, counsel was appointed and ordered to file an amended Rule 1925(b) statement. On May 6, 2016, counsel filed a Rule 1925(b) statement.[6]

Appellant raises the following issue on appeal: "The sentence imposed was manifestly too harsh and excessive under the unique fact and circumstances of this case." Appellant's Brief at 7. Appellant contends that "[t]he trial court's judgment of sentence plainly reflects that the excessive

---

Although the record indicates that Appellant filed his notice of appeal on August 17, 2015, the Clerk of Courts informed the [c]ourt that, due to a clerical error, they had Appellant's notice of appeal in their possession for over a month and failed to file it. Therefore, the [c]ourt has utilized the date listed on Appellant's notice of appeal for the purposes of this analysis.

Trial Ct. Op. at 1 n.1.

[6] The trial court did not file a Pa.R.A.P. 1925(a) opinion in response to the amended Rule 1925(b) statement. However, we need not remand for a Rule 1925(a) opinion. *See Commonwealth v. Hood*, 872 A.2d 175, 178 (Pa. Super. 2005) (holding trial court failed to file an opinion, but remand was unnecessary because Superior Court was able to discern the trial court's reasoning from a review of the trial transcript).

sentence received was the result of the trial judge's partiality, prejudice, bias, and ill-will towards drug addiction." *Id.* at 16. Appellant argues

> that the legislature could not have envisioned a defendant suffering with a drug addiction illness receiving a sentence of total confinement for a positive urine where (1) he has no new convictions, (2) is not likely to commit another crime and (3) such a sentence would not vindicate the authority of the court. First, [A]ppellant has not committed another crime. Second, mere drug usage is not an indication that a defendant will commit another crime, otherwise we should incarcerate every defendant with a positive urine. Third, [A]ppellant's unfocused employment record does not implicate the authority of the court.

*Id.* at 21. In support, Appellant relies on **Commonwealth v. Cottle**, 426 A.2d 598 (Pa. 1981). *Id.* at 25. Notably, Appellant does not specifically challenge the length of the sentence imposed, but focuses on the decision of the trial court to impose a sentence of total imprisonment. *See id.* at 16.

This Court has stated that

> discretionary aspects of [an appellant's] sentence [ ] are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted).

Instantly, Appellant timely filed this appeal, preserved the issue of an excessive sentence at sentencing, and included a statement in his brief which conforms with Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 16-18. Although Appellant did not file a post-sentence motion, he raised the claim during the sentencing proceedings. ***See*** N.T. at 11-12. Accordingly, we ascertain whether Appellant has raised a substantial question. ***See Leatherby***, 116 A.3d at 83.

"An argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question." ***Commonwealth v. Schutzues***, 54 A.3d 86, 98 (Pa. Super. 2012) (citation omitted). "Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). We therefore find Appellant has raised a substantial question. ***Schutzues***, 54 A.3d at 98; ***Crump***, 995 A.2d at 1282.

We consider the relevant standard of review:

> [A] trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion . . . .

\* \* \*

- 5 -

At initial sentencing, all of the rules and procedures [for a court's] discretionary sentencing authority [apply]. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, . . . contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721.

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

*Commonwealth v. Pasture*, 107 A.3d 21, 27-28 (Pa. 2014) (some

citations omitted).[7]

In *Commonwealth v. Ortega*, 995 A.2d 879 (Pa. Super. 2010), this

Court opined:

---

[7] At the March 8, 2011, *Gagnon II* hearing for a prior violation of his probation, Appellant entered an open guilty plea to a new offense. He testified, *inter alia*, as follows:

> [Defense Counsel]: Do you understand that you were on probation here in Montgomery County for a felony of the third degree, criminal conspiracy to retail theft?
>
> [Appellant]: Yes.
>
> Q: You received a five-year probation. Do you understand that?
>
> A: Yes, sir.
>
> Q: As a felony of the third degree, you could receive a maximum of up to seven years[*] incarceration, do you understand that?
>
> A: Yes, sir.
>
> Q: The other sentence was a misdemeanor theft and you served time—you received a time served to 23 month with a one-year consecutive probation, correct?
>
> A: Yes, sir.
>
> Q: Now, at a sentencing hearing, His Honor could run those sentences consecutively, do you understand that?
>
> A: Yes, sir.

N.T., 3/8/11, at 12-13.

[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated:

A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

***Commonwealth v. Infante***, [ ] 888 A.2d 783, 791 ([Pa.] 2005). Moreover, the Commonwealth need only make this showing by a preponderance of the evidence.

***Id.*** at 886 (some citations and footnote omitted).

"A trial court does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere the conditions imposed on him." ***Schutzues***, 54 A.3d at 99 (citation omitted).

In ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000), this Court opined:

Although the offenses that triggered the parole and probation revocation—Sierra's failure to keep parole appointments—were not assaultive or independently criminal, technical violations are sufficient to trigger the revocation of probation. ***See***, ***e.g.***, ***Commonwealth v. Edwards***, 450 A.2d 15 (Pa. Super. 1982) (probation revoked for failure to report to probation officer and attend community mental health facility for outpatient treatment).

***Id.*** at 912.

Moreover, it is well-established that

> [w]hile a convicted individual has no constitutional or other inherent right to serve his imprisonment in any particular institution or type of institution, a court should consider the differences between the state and county prison environment in choosing to sentence an individual to a state rather than a county facility.

***Commonwealth v. Stalnaker***, 545 A.2d 886, 889 (Pa. Super. 1988)

(citation omitted).

In the instant case, at sentencing, the court stated:

> When we were last together, your attorney had told me about your methamphetamine problems, and while you accepted responsibility and admitted to your probation violation, I wanted to get some background on you and had a Mental Health and Drug Evaluation conducted. I have had the opportunity to review your Evaluation and have given a copy to both the Commonwealth, your Probation Officer and your Attorney who have each had the opportunity to review it . . . .

N.T., 6/29/15, at 4. The court opined:

> . . . on page three [of the Evaluation] it says, you report that you don't have any goals for your life. "It's sad. I try to think of goals, but my mind changes and wanders all the time. One day I want to be an artist, one day I want to do something else, I'm good at a lot of things, but I lose interest."
>
> Now, sir, when I read that, coupled with the mental health eval[uation] that was done, and your significant history with methamphetamine, it makes sense why you can't focus on any goals. But you have a choice right now, you either take the goal that I am going to give you, of focusing on getting yourself clean. You are incarcerated now. I should hope you will not have access to methamphetamine or anything else. . . . We are going to give you the opportunity to rehabilitate yourself and get off drugs. But at the end of the day it's your choice.
>
> I am going to give you a sentence that enables you to

do that. That sentence, rehabilitation will not be possible in a meaningful way in the County prison.[8] You need intense, mental health and drug rehabilitation.

\* \* \*

When you got your G.E.D. in prison, you were the valedictorian of your class when you got your G.E.D. That means you are intelligent enough to make positive changes in your life. . . . You need to take this as your goal for the time you're in State Prison, and get clean.

And then after that, I've already spoken with your Probation Officer when we conferenced, he is willing to help you get on the right track. And I believe the right track is, you don't go back to the same community where you lived before. You don't go back to the same people where you hung out with [sic] and did your drugs. You go someplace else.

So if you don't have a home plan, I have the commitment—when it's time for release—I have the commitment from the Probation Department that they will help you find a place to be, whether it's a halfway house, whether it's a contract house, outside of your current community if you think you need that, to be able to become clean and stay clean.

It is my goal, sir, for you to come back after you get out of prison, and just tell me how great you're doing, and not come back for me to sentence you again.

\* \* \*

. . . I am going to sentence you, for this your fourth violation[9]—and this is for not only your hot urine, but your

---

[8] Counsel for Appellant stated that Appellant was not "asking for a release." N.T. at 11. He is requesting "that the court impose a County sentence . . . ." *Id.*

[9] Appellant was originally sentenced on November 13, 2002. *See* Order, 3/4/15.

failure to comply with the Probation Department, for your failure to avail yourself of the rehabilitation option with Probation, and for your utter disrespect for the system—for a period of two to five years in a State Correctional Institution.

\* \* \*

You have had an unfortunate childhood. You have had a lot of things that went badly for you. But you're an adult now. And it gets to be your choice where you want your life to go. You have a long life ahead of you, if you choose to try to make it better from this point forward. And you have people that are willing and interested to help you, if you want to have it happen. If you don't, you might spend the rest of your life where you are because you'll keep having this problem.

*Id.* at 14-18.

Instantly, we consider whether the trial court abused its discretion by imposing a sentence of total confinement following the revocation of Appellant's probation. *See Pasture*, 107 A.3d at 27-28. Technical violations can trigger the revocation of probation. *See Sierra*, 752 A.2d at 912. Instantly, the court considered the difference between state and county prison. *See Stalnaker*, 545 A.2d at 889. The court found that probation did not satisfy his rehabilitative needs. *See Ortega*, 995 A.2d at 886. The court reasoned the sentence was necessary to vindicate the authority of the court. *See Pasture*, 107 A.3d at 28. Accordingly, we find no merit to Appellant's contention that it was an abuse of discretion to revoke Appellant's probation and impose a sentence of total confinement. *See Schutzues*, 54 A.3d at 99.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2017