J-S33018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY RICHARD HORNING, JR. | : | |
| | : | |
| Appellant | : | No. 570 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 8, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003319-2020

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 3, 2021**

Appellant Gary Richard Horning, Jr. appeals from the judgment of sentence entered on February 8, 2021, after the trial court accepted Appellant's guilty plea to one count of strangulation. Additionally, Appellant's counsel (Counsel) filed a petition to withdraw and an ***Anders***/***Santiago*** brief.[1] We grant Counsel's request to withdraw and affirm.

Briefly, we summarize the facts of this matter as follows. In a criminal information filed on December 16, 2020, the Commonwealth charged Appellant with strangulation of a household member graded as a felony of the second degree,[2] strangulation graded as a misdemeanor of the second

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] 18 Pa.C.S. § 2718(a)(1), (d)(2)(i).

degree,[3] terroristic threats,[4] simple assault,[5] and unlawful restraint.[6] These charges stemmed from a violent domestic assault that occurred on October 18, 2020. The assault began when Appellant physically prevented Stephanie Kemmerer[7] (the victim) from leaving the house, and it escalated when Appellant struck, grabbed, choked, and threatened to kill her. Compl. (Acts of the Accused), 10/18/20. Appellant was arrested and charged as set forth above.

On January 5, 2021, in exchange for the Commonwealth's agreement not to pursue the other charges in the Complaint, Appellant entered an open guilty plea to one count of strangulation graded as a misdemeanor of the second degree. On February 8, 2021, the trial court sentenced Appellant outside of the sentencing guidelines to the statutory maximum sentence of

---

[3] 18 Pa.C.S. § 2718(a)(1), (d)(1).

[4] 18 Pa.C.S. § 2706(a)(1).

[5] 18 Pa.C.S. § 2701(a)(1).

[6] 18 Pa.C.S. § 2902(a)(1).

[7] Although the criminal complaint stated that the charges stemmed from a domestic dispute, the precise nature of Appellant's relationship with the victim is not clear from the record. However, because the Commonwealth withdrew the charge of strangulation involving a family or household member under 18 Pa.C.S. § 2718(a)(1), (d)(2)(i), the relationship between Appellant and the victim is not at issue.

one to two years of imprisonment[8] to be served in a state correctional facility. N.T., 2/8/21, at 14. Appellant filed a timely post-sentence motion on February 17, 2021, requesting reconsideration and modification of his sentence. The trial court denied the post-sentence motion on March 5, 2021, and Appellant filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In the **Anders**/**Santiago** brief, Counsel identifies the following issue:

> Whether the lower court abused its sentencing discretion when, after [Appellant] pled guilty to a [second-degree] misdemeanor, the court sentenced [Appellant] to a term of imprisonment in a state correctional institution?

**Anders**/**Santiago** Brief at 4 (some formatting altered).[9]

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a

_____

[8] The statutory maximum sentence for a second-degree misdemeanor is two years. 18 Pa.C.S. § 1104(2).

[9] Counsel raised a second issue in which he requests to withdraw under the holding in **Anders**. **Anders**/**Santiago** Brief at 4. As discussed below, although this issue does not present a claim that could arguably support an appeal, we necessarily address it in our determination of Counsel's petition to withdraw.

copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

- 4 -

Here, Counsel complied with the procedural requirements discussed above. Counsel filed a petition to withdraw, indicating that he reviewed the record and determined that an appeal is frivolous and without merit. Counsel also attached to his brief a copy of the letter he sent to Appellant, which advises that Appellant may proceed *pro se* or retain private counsel to raise any additional issues he believes should be brought to this Court's attention. In addition, Counsel's brief complies with the obligations under **Anders** and **Santiago**.[10] Therefore, we will now undertake our own review to determine whether Appellant's appeal is wholly frivolous.

In the issue Counsel identified in the **Anders**/**Santiago** brief, Counsel asserts that Appellant claimed that the sentencing court abused its discretion in directing Appellant to serve his term of incarceration in a state correctional facility as opposed to a county facility. **Anders**/**Santiago** Brief at 8. This issue presents a challenge to the discretionary aspects of Appellant's sentence. **See Commonwealth v. Fullin**, 892 A.2d 843, 847-52 (Pa. Super. 2006) (considering a challenge to a trial court's decision to commit an offender to a state correctional facility as opposed to a county facility as a challenge to the discretionary aspects of the sentence).

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the

---

[10] Appellant did not file a response to Counsel's petition to withdraw.

discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Instantly, Appellant preserved his sentencing issue in a post-sentence motion, a timely appeal, and a Pa.R.Crim.P. 2119(f) statement in the *Anders*/*Santiago* brief. *See Proctor*, 156 A.3d at 273. The Rule 2119(f) statement in the *Anders*/*Santiago* brief contends that the trial court abused its discretion in ordering Appellant to serve his sentence in a state correctional facility instead of a county prison. *Anders*/*Santiago* Brief at 7. Appellant contends that under the circumstances of this case, there is no basis in law or fact that supports a state sentence rather than a county sentence. *Id.* We conclude that Appellant has presented a substantial question. *See, e.g.*, *Commonwealth v. Stalnaker*, 545 A.2d 886, 889 (Pa. Super. 1988) (finding a substantial question existed with respect to the appropriateness of the

appellant's sentence based on the circumstances of the case including the appellant's age, lack of criminal history, and "relative harshness of a state as opposed to a county sentence").

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." *Fullin*, 892 A.2d at 848 (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." *Id.* (citation omitted). When the trial court opts to impose a sentence outside of the sentencing guidelines, it "must demonstrate, on the record, its awareness of the . . . guidelines and offer a contemporaneous written statement of the reasons for deviating from the guidelines." *Commonwealth v. Wallace*, 244 A.3d 1261, 1279 (Pa. Super. 2021) (citations omitted).

When reviewing a sentence outside of the guidelines, the essential question is whether the sentence imposed is reasonable, considering the nature and circumstances of the offense, the history and characteristics of the defendant, the opportunity of the sentencing court to observe the defendant, including any presentence investigation, the findings upon which the sentence was based, and the sentencing guidelines.

*Id.* (citation omitted).

Our Supreme Court has determined that where the trial court is informed by a [presentence investigation (PSI) report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the PSI; thus properly considering and weighing all relevant factors.

*Commonwealth v. Edwards*, 194 A.3d 625, 637-38 (Pa. Super. 2018) (citations omitted and formatting altered).

Finally, the trial court's power to choose between committing Appellant to a state correctional facility or a county prison facility derived from 42 Pa.C.S. § 9762, which provides, in relevant part, as follows:

[A]ll persons sentenced to total or partial confinement for the following terms shall be committed as follows:

(1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

(2) **Maximum terms of two years or more but less than five years may be committed to the Department of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court**.

(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

- 8 -

42 Pa.C.S. § 9762 (emphasis added).

The trial court addressed this issue as follows:

This court considered all the required statutory factors in sentencing [Appellant]. Indeed, in imposing [Appellant's] sentence, this court considered the "protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, [Appellant's] rehabilitative needs, and the sentencing guidelines." 42 Pa.C.S. § 9721(b); *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008).

Prior to sentencing, this court carefully reviewed the [PSI] Report prepared on February 1, 2021. The court was aware of all of the information contained therein, including the horrendous facts that gave rise to this offense, [Appellant's] thirteen (13) prior arrests and ten (10) prior convictions, and [Appellant's] numerous violations of supervision. Also, this court did not fail to consider mitigating factors. *Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (stating that where the sentencing court had the benefit of a pre-sentence investigation report, it may be assumed that the sentencing court was aware of all relevant information regarding a defendant, including any mitigating factors); *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988) (holding that where a pre-sentence report exists, there is a presumption that the sentencing judge was aware of and adequately considered information relevant to the defendant's character, as well as any mitigating factors). This court was aware of [Appellant's] history of substance abuse, [Appellant's] age of 33 years old, and [Appellant's] family dynamics.

With all of this information in mind, using its discretion this court imposed a sentence that was within the parameters of the negotiated plea agreement and within the law. Accordingly, [Appellant's] argument is baseless and the [post-sentence] Motion to Reconsider and Modify Sentence is denied.

Order, 3/5/21 at 3 n.1 (formatting altered).

Pursuant to subsection 9762(2), the trial court had the discretion to commit Appellant to either the Department of Corrections, which is the agency responsible for administering the state correctional system and its facilities,

or a county prison. *See Fullin*, 892 A.2d at 851. Indeed, "there is no single prescribed commitment for persons whose maximum sentences subject them to subsection [9762](2), for a court of common pleas in those cases has the choice of either committing the person to the [Department] of Corrections or committing him instead to the county prison." *Id.* (citation omitted and formatting altered).

The record reflects that the trial court stated its awareness of the sentencing guidelines and chose to instead impose the statutory maximum sentence of one to two years of incarceration for a second-degree misdemeanor. The court stated its consideration of the PSI and the sentencing factors set forth in 42 Pa.C.S. § 9721(b). It explained its review of the facts of the crime and the severity of the injuries to the victim. Additionally, the Commonwealth informed the trial court that the only reason it did not pursue felony charges was due to the victim's compassion for Appellant, agreement to the plea, and request that Appellant receive help for anger, psychological, and substance abuse issues. The trial court also considered Appellant's past failures under supervision, multiple prison misconducts, pending parole violation, and Appellant's fifteen-year history of criminal activity. The trial court noted that Appellant called the victim's place of work more than 100 times threatening to kill her. Ultimately, the trial court explained that although Appellant has avoided state prison for his past crimes, his violent actions, criminal behavior, and criminal history supported the trial court's imposition of a state prison sentence in this case. After stating these factors

and considerations, the trial court imposed a sentence of one to two years in a state correctional facility rather than a county prison. **See** N.T. Sentencing, 2/8/21, at 6-15; **see also** Order, 3/5/21 at 3 n.1.

After review, we find no abuse of discretion. The trial court was aware of the relevant sentencing factors, the sentencing guidelines, and explained it was imposing a one- to two-year sentence and ordered Appellant to serve his sentence in a state correctional facility. **See** 42 Pa.C.S. § 9762(a)(2) (providing that defendants who are sentenced to a maximum term of two years or more but less than five years may be committed to either a state correctional facility or a county prison).

Based on our review of the record, we agree that the issue presented in the **Anders**/**Santiago** brief is frivolous. Furthermore, our independent review of the record does not reveal any additional, non-frivolous issues. **See** **Goodwin**, 928 A.2d at 291; **Flowers**, 113 A.3d at 1250. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Bowes joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2021

- 11 -