617 A.2d 330

**COMMONWEALTH of Pennsylvania**

**v.**

**Floyd DUTTER, Appellant.**

Superior Court of Pennsylvania.

Argued June 3, 1992.

Filed Nov. 18, 1992.

Gene P. Riccardo, Dunmore, for appellant.

John J. Notarianni, Asst. Dist. Atty., Scranton, for Com.

Before CAVANAUGH, DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence of three (3) to (6) years. Appellant, Floyd Dutter, pleaded guilty to the crime of incest. After his Motion to Reconsider Sentence was denied by the lower court, he filed this appeal.

Appellant alleges that the trial court, without indicating why, imposed a sentence outside of the Sentencing Guidelines. He also asserts that it failed to take into account certain mitigating factors that were brought to its attention.

■ Sentencing is within the sound discretion of the trial judge and a sentence will not be disturbed by an appellate

court absent a "manifest abuse of discretion". *Commonwealth v. Minott,* 395 Pa.Super. 552, 555, 577 A.2d 928, 929 (1990).

> The only constraints placed on the exercise of the trial court's discretion in sentencing matters is that the sentence imposed must be within statutory limits and the reasons for the sentence must be placed on the record. In addition, the statement of the reasons for sentence must demonstrate that the trial court has considered the sentencing guidelines and adhered to the general standard ". . . that the sentence imposed should call for confinement that is consistent with the protection of the public; the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." See 42 Pa.C.S.A. § 9721; *Commonwealth v. Smith,* [369 Pa.Super. 1] at 5, 6, 534 A.2d 836 (1987).

*Commonwealth v. Stalnaker,* 376 Pa.Super. 181, 186, 545 A.2d 886, 889 (1988).

For the crime of incest, which carries an offense gravity score of six (6), the Sentencing Guidelines recommend a minimum standard range sentence of four (4) to twelve (12) months; a minimum of twelve (12) to eighteen (18) months in the aggravated range; and a minimum of four (4) to eight (8) months in the mitigated range. 42 Pa.C.S.A. § 9721(b). Appellant did not have a prior record score and was sentenced to a minimum of thirty-six months imprisonment, eighteen months beyond the maximum applicable aggravated range of sentencing. The lower court offered the following reasons for the sentence imposed.

> Well, we appreciate the comments that have been made. And these are very difficult types of cases for the court in trying to weigh all of the circumstances here. We have gone over the presentence investigation, and we have read the therapist's report. And we have to balance . . . all of the things that have affected Mr. Dutter, but we have a victim here, too, who has been seriously affected by all of the things that Mr. Dutter has done, and it wasn't just a one time occurrence.

In this case, this victim was subjected to repeated sexual assaults over a long period of years. And that's such a grave offense under any circumstance. We are talking about rehabilitation, but we have to protect society from these kind of things that can really destroy a person. He has a chance to become rehabilitated, but under all of these circumstances we feel that his rehabilitation will not be able to let him go free or in work release at this time. We feel that confinement will certainly be a help in rehabilitating him. He was a threat over these years to the welfare of the children, and it is such a grave offense that any lesser sentence than confinement would certainly depreciate the seriousness of the offense. We have to take all of that into consideration.

We appreciate the fact that he has gone into counseling, but that has begun after all of these years when he knew he had a problem and continued to do the same kinds of things to this child. These are so serious a matter that the court cannot in good conscience just think of Mr. Dutter. We have got to think of the victims in these kinds of cases.

So under all of the circumstances, and for all the reasons that we have mentioned, even listening to all of your comments, the court at this time will sentence Mr. Dutter to incarceration at a state correctional institution for a minimum term of three years to a maximum term of six years.

(N.T. Sentencing Proceeding, 11/25/91, pp. 11–12).

Section 9721(b) of the Pennsylvania Sentencing Code, 42 Pa.C.S.A. § 9701 et seq., places the following requirement on a court that chooses to sentence outside of the guidelines.

In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2514 (relating to adoption of guidelines for sentencing) and made effective pursuant to section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to

comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b).

This court has held that "the requirement of a contemporaneous written statement explaining any deviation from the Sentencing Guidelines is satisfied when the sentencing judge states the reasons for his actions on the record and in the defendant's presence." *Commonwealth v. Clever*, 395 Pa.Super. 192, 196, 576 A.2d 1108, 1110 (1990) [citations omitted].

■ Appellee argues that because the court had benefit of Appellant's presentence report, under the holding in *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988), even though the court did not mention the guidelines during the sentencing proceeding, we should presume that the sentencing judge considered them. We disagree. *Devers* held that a sentencing court was not required to state its reasons for imposing a sentence on the record where a presentence report existed and the sentence imposed was within the sentencing guidelines. "[W]e shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.*, 519 Pa. 88, 101–102, 546 A.2d 12, 18. In *Commonwealth v. Rich*, 392 Pa.Super. 380, 572 A.2d 1283 (1990), however, this court explicitly limited the applicability of the rule in *Devers* to those cases in which the sentence imposed was within the guidelines and maintained that where a sentencing court sentences a defendant outside of the guidelines it must satisfy the "contemporaneous written statement" rule contained in 42 Pa.C.S.A. § 9721 by stating its reasons for the deviation. *See also Commonwealth v. Royer*, 328 Pa.Super. 60, 476 A.2d 453 (1984); *Commonwealth v. Chesson*, 353 Pa.Super. 255, 509 A.2d 875 (1986); and *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 539 A.2d 840 (1988) (en banc).

The § 9721(b) "contemporaneous written statement" requirement applicable when a sentence deviates from the guidelines is distinguishable from the general requirement in both Superior Court case law and § 9721(b) that the

record contain the reasons for any sentence imposed for a felony or misdemeanor. Thus, the rationale underlying our Supreme Court's decision in *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988), which disapproved the Superior Court case law concerning the contours of the court's statement of reasons for a sentence imposed, is inapplicable to this case.

*Rich,* 392 Pa.Super. at 384, n. 5, 572 A.2d at 1285, n. 5.

■ In the case *sub judice,* our review of the record reveals that the court did not articulate its reasons for deviating from the guidelines. If Appellant's sentence had been within the guidelines, under *Devers, supra,* we would have presumed that the court having had the benefit of Appellant's presentence report, applied the guidelines and it therefore would not have been required to specifically outline the sentencing ranges or state its reasons for Appellant's sentence on the record. "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *Id.,* 519 Pa. 88, 102, 546 A.2d 12, 18. The rule in *Devers,* however, is inapplicable in cases where the court has departed from the sentencing guidelines. Therefore, "[i]f the court then finds it appropriate to sentence outside of the guidelines, of course, it may do so as long as it places its reasons for the deviation on the record." *Commonwealth v. Cornish,* 403 Pa.Super. 492, 497, 589 A.2d 718, 721 (1991).

In the present case, the court has failed to provide us with those reasons. While the lower court stated that given the nature of the crime, a sentence of confinement was proper, it has failed to apprise the defendant of its reasons for departing from the guidelines, and having failed to do so, did not fulfill the requirement for a "contemporaneous written statement" as outlined in 42 Pa.C.S.A. § 9721(b).

Accordingly, we vacate the judgment of sentence and remand this matter to the trial court for resentencing. Jurisdiction relinquished.