J-S85036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLIE ALOG, | : | |
| | : | |
| Appellant | : | No. 2909 EDA 2015 |

Appeal from the Judgment of Sentence April 20, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0010608-2014;
CP-51-CR-0010613-2014

BEFORE:  PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED January 20, 2017**

Charlie Alog ("Alog") appeals from the judgment of sentence imposed after he pled guilty to rape, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, and flight to avoid apprehension, trial or punishment.[1]  We affirm.

The trial court concisely set forth in its Opinion the relevant factual and procedural history underlying this appeal, which we adopt as though fully set

_____

[1] **See** 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3125(a)(1), 5126(a).

forth herein. **See** Trial Court Opinion, 2/8/16, at 1-3.[2, 3] Following the trial court's denial of Alog's post-sentence Motion (wherein he asserted, *inter alia*, that his sentence was excessive and the trial court failed to state adequate reasons on the record for its sentence), Alog timely filed a Notice of Appeal. In response, the trial court ordered Alog to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Alog timely filed a Concise Statement.

Alog presents the following issues for our review:

1. Did not the sentencing court err and abuse its discretion when it imposed a sentence above the aggravated sentencing guidelines range without providing a contemporaneous statement of reasons for the deviation from the guidelines, in violation of sentencing laws?

2. Was not the imposition of a total sentence of 8.5 to 18 years, a consecutive sentence that was above the aggravated guidelines range, unreasonable and manifestly excessive and contrary to the norms underlying sentencing[,] when [Alog] was a 62-year-old first[-]time offender[,] who had waived the preliminary hearing and pleaded guilty[,] and for whom such a sentence would likely represent a life sentence?

_____

[2] The trial court incorrectly states in its factual recitation that the victim was 16 years old at the time of the sexual assault; rather, the record reveals that she was 18 years old. Additionally, we observe that following the trial court's acceptance of Alog's guilty plea, the court ordered the preparation of a pre-sentence investigation report.

[3] Notably to this appeal, the sentence that the trial court imposed on Alog's rape conviction was outside and above the aggravated range of the applicable sentencing guidelines by 12 months. None of the sentences imposed on the remaining convictions were above the sentencing guidelines ranges.

Brief for Appellant at 4. We will address Alog's issues together as they are related.

Alog's claims challenge the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Where, as here, the appellant has preserved the sentencing challenge for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64.

Here, Alog included the requisite Rule 2119(f) Statement in his brief. *See* Brief for Appellant at 13-15. Moreover, Alog's above-mentioned claims present a substantial question for our review. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (noting that an "[a]ppellant's contention that the sentencing court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review."); *see also Commonwealth v. Holiday*, 954 A.2d 6, 10 (Pa. Super. 2008) (stating that "[a] claim that the sentencing court imposed a sentence outside of the guidelines without specifying

- 3 -

sufficient reasons presents a substantial question for our review.").

Accordingly, we will review Alog's claims.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).

The Sentencing Code sets forth the considerations a sentencing court must take into account when formulating a sentence, providing that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. *Id.* When doing so,

a [sentencing] judge … [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into

- 4 -

account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted); *see also Commonwealth v. Dutter*, 617 A.2d 330, 333 (Pa. Super. 1992) (stating that "[i]f the court finds it appropriate to sentence outside the guidelines, of course it may do so as long as it places its reasons for the deviation on the record."). An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). Finally, when evaluating a challenge to the discretionary aspects of sentence, it is important to remember that the sentencing guidelines are purely advisory in nature. *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007); *see also Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007) (stating that "rather than cabin the exercise of a sentencing court's discretion, the [sentencing] guidelines merely inform the sentencing decision.").

Here, Alog argues that the trial court abused its discretion in imposing an unreasonable and manifestly excessive aggregate sentence, which was outside and above the aggravated range of the sentencing guidelines on the rape conviction, without providing a contemporaneous statement for its reasons for deviating from the guidelines. *See* Brief for Appellant at 16-27.

Alog asserts that, at sentencing, and in violation of the Sentencing Code,

[t]he court simpl[y] announced the sentence without an explanation of why

it deviated from the guidelines. Indeed, the court did not even acknowledge

that it deviated from the guidelines." *Id.* at 16 (citations to record omitted)

(citing, *inter alia*, **Dutter**, **supra**, and 42 Pa.C.S.A. § 9721(b) (providing

that a sentencing court's failure to provide on the record a contemporaneous

statement of reasons in support of an above-guidelines sentence "shall be

grounds for vacating the sentence or resentence and resentencing the

defendant.")). Alog further argues that

> [t]he total sentence imposed was unreasonable, excessive and
> contrary to the norms of sentencing in light of the fact that
> [Alog] was a 62-year-old first[-]time offender[,] who had waived
> the preliminary hearing and pleaded guilty[,] and for whom the
> total sentence would likely represent a life sentence. In
> particular, the above-guidelines sentence on the [rape] charge[]
> was greater than necessary to comply with the goals of
> sentencing and was unreasonable, especially in light of the
> complete lack of explanation by the trial court as to the reasons
> behind its sentence.

Brief for Appellant at 22; *see also id.* at 24 (asserting that Alog "presented

an extremely low risk of recidivism"); *id.* at 25 (asserting that Alog's sexual

assault of the victim "was a single occurrence of impulse.").

In its Opinion, the trial court addressed Alog's claims, discussed the

relevant law, and opined that the court had properly exercised its discretion

in imposing a reasonable sentence under the circumstances, and in

compliance with the Sentencing Code. *See* Trial Court Opinion, 2/8/16, at

3-7; *see also Walls*, 926 A.2d at 967 (where the defendant had sexually

assaulted his minor granddaughter, and thereby "violated a position of trust and responsibility" to the victim, holding that the sentencing court properly exercised its discretion in imposing a sentence above the sentencing guidelines range). The trial court's analysis is supported by the law and the record, and we discern no abuse of discretion by the court in sentencing Alog.[4] We, therefore, affirm on this basis in rejecting Alog's issues. **See** Trial Court Opinion, 2/8/16, at 3-7.

Judgment of sentence affirmed.

Judge Ransom joins the memorandum.

Judge Panella concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017

---

[4] We additionally emphasize that the trial court ordered the sentences imposed on Alog's convictions of IDSI and aggravated indecent assault to run *concurrent* to the sentence imposed on the rape conviction. Had the trial court exercised its discretion to run these sentences consecutively, Alog would have received a substantially longer aggregate sentence than the sentence imposed (which was well below the maximum permissible aggregate sentence, and that sought by the Commonwealth).

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

**FILED**

CP-51-CR-0010608-2014
CP-51-CR-0010613-2014

v.

FEB 0 8 2016

CHARLIE ALOG

Criminal Appeals Unit
First Judicial District of PA

2907 EDA 2015
2909 EDA 2015

OPINION

BUTCHART, J.

February 8, 2016

## I.    PROCEDURAL BACKGROUND

On December 9, 2014, Defendant, Charlie Alog, pled guilty to one count of Rape by Forcible Compulsion (18 Pa.C.S. §3121(a)(1)) as a felony of the first degree, Involuntary Deviate Sexual Intercourse ("IDSI") (18 Pa.C.S. §3123(a)(1)) as a felony of the first degree, and Aggravated Indecent Assault without Consent (18 Pa.C.S. §3125(a)(1)) as a felony of the second degree for CP-51-CR-0010608-2014. Defendant also pled guilty to Flight to Avoid Apprehension, Trial or Punishment (18 Pa.C.S. §5126(a)) a felony of the third degree for CP-51-CR-0010613-2014. The Court deferred sentencing so that a pre-sentence report, mental health evaluation, and Sexual Offenders Assessment Board evaluation ("SOAB") could be prepared. The SOAB evaluation dated March 9, 2015, indicated that Defendant did not meet the criteria of a sexually violent predator ("SVP").

On April 20, 2015, this Court conducted a sentencing and imposed the following concurrent sentences: seven and a half to fifteen years on the charge of Rape, seven and a half to fifteen years on the charge of IDSI, and five to ten years on the charge of Aggravated Indecent Assault for CP-51-CR-0010608-2014. Defendant was sentenced to one to three years incarceration on the charge of Flight to Avoid Apprehension for CP-51-CR-0010613-2014 to be

1

served consecutive to his sentence for CP-51-CR-0010608-2014. Defendant filed a post-sentence motion, which the Court denied on August 5, 2015.

Defendant now appeals from the Court's judgment of sentence on the grounds that: a) the Court failed to state its reasons for the sentence imposed, in violation of 42 Pa.C.S.A. §9721(b); b) in imposing a sentence above the sentencing guidelines range, the Court failed to provide a contemporaneous written statement of reason or reasons for the deviation from the guidelines, in violation of 42 Pa.C.S.A. §9721(b); c) the Court failed to consider the rehabilitative needs of the defendant; his acceptance of responsibility as demonstrated by his waiver of the preliminary hearings and his guilty plea; and his lack of any prior criminal contact, in violation of the general standards and principles governing sentencing set forth in 42 Pa.C.S.A. §9721(b); and d) the Court imposed a manifestly unreasonable and excessive sentence. Statement of Matters Complained of on Appeal ("Statement") at ¶ 4a-d. For the reasons set forth below, Defendant's claims are without merit and the judgments of sentence should be affirmed.

## II.    FACTUAL BACKGROUND

On July 22, 2012, R.A. ("Complainant") R.A. age 16, was at the Philadelphia home of Defendant, her uncle, for a barbeque. Notes of Testimony ("N.T.") 12/9/14 p. 8, 4/20/15 p. 9. Complainant has severe developmental delays and functions on the level of an eight year-old child. N.T. 12/9/14 p. 9, 4/20/15 p. 9. Defendant instructed his niece to go to his bedroom to watch a video. N.T. 12/9/14 p.8, 4/20/15 p. 9. Once inside the room, Defendant removed Complainant's clothes and put his mouth on her breast. Id. Defendant then performed oral sex on her and penetrated her vagina with his fingers and penis. N.T. 12/9/14 p. 9, 4/20/15 p. 9. Defendant ceased his actions when he heard Complainant's mother ascend the stairs looking for her daughter. Id. Defendant ordered Complainant into the bathroom and told her to put on her

2

shorts. N.T. 12/9/14 p. 9. Complainant's mother found her in the bathroom with her shorts down and wearing her underwear incorrectly. N.T. 4/20/15 p. 9. Complainant's mother told Defendant that she planned to report the incident to the authorities. N.T. 12/9/14 p. 9, 4/20/15 p. 9.

On July 25, 2012, Defendant fled the United States via Canada to the Philippines. N.T. 12/9/14 pp. 9-10, 4/20/15 pp. 9-10. Approximately two years later, Defendant was located, apprehended, and returned to the United States by the United States Marshals. Id.

### III. DISCUSSION

Defendant claims that, "the Court failed to state its reasons for the sentence imposed, in violation of 42 Pa.C.S.A. §9721(b)." Statement at ¶ 4(a). This claim is without merit.

Under 42 Pa.C.S.A. § 9721(b), the sentencing court is required to state, in open court at the time of sentencing, the reasons for the sentence it imposed. 42 Pa.C.S.A. 9721(b). However, "[t]his requirement can be satisfied by the trial court indicating, on the record, that it has been informed by a presentence report." Commonwealth. v. Reynolds, 835 A.2d 720, 734 (Pa. Super. 2003). See also Commonwealth v. Devers, 546 A.2d 12 (Pa. Super. 1988) (where pre-sentence reports exist, it is presumed that the sentencing judge is aware of relevant information regarding the defendant's character and has weighed those considerations along with mitigating statutory factors.)

In the present case, this Court satisfied the statement of reasons requirement for sentencing under 42 Pa.C.S.A. §9721(b). The Court was fully informed by the pre-sentence report, the mental health evaluation, and the SOAB evaluation. N.T. 4/20/15 p. 7. The Court thoroughly reviewed the documents and considered the information contained therein in fashioning an appropriate sentence for Defendant. Accordingly, the Court met the requirement

3

of 42 Pa.C.S.A. §9721(b) by indicating on the record that it had reviewed the pre-sentence report, the mental health evaluation, and the SOAB evaluation.

Defendant claims that, "in imposing a sentence above the sentencing guidelines range, the Court failed to provide a contemporaneous written statement of reason or reasons for the deviation from the guidelines, in violation of 42 Pa.C.S.A. §9721(b)." Statement at ¶ 4(b). This claim is without merit.

Courts are afforded considerable deference in sentencing. Commonwealth. v. Smith, 534 A.2d 836, 838 (Pa. Super. 1987). The sentencing guidelines are advisory and not binding on the court. Commonwealth v. Walls, 926 A.2d 957, 962–63 (Pa. 2007). Nevertheless, if the court sentences a defendant outside those guidelines, the court must provide a contemporaneous written statement setting forth its reasons for the deviation. Id.; 42 Pa.C.S.A. § 9721(b). "[W]hen imposing sentence, a trial court has rendered a proper 'contemporaneous statement' under section 9721(b) of the Sentencing Code, so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them." Commonwealth v. Rodda, 723 A.2d 212, 216 (Pa. Super. 1999).

In the present case, this Court satisfied the requirements for sentencing under 42 Pa.C.S.A. §9721(b). The Court was fully informed of the pre-sentence report, the mental health evaluation, and the SOAB evaluation. N.T. 4/20/15 p. 7. The Court thoroughly reviewed the documents and considered the information contained therein in fashioning an appropriate sentence for Defendant. The Court also considered the testimony presented at the sentencing hearing from Complainant's mother, Defendant, and Defendant's adult children. N.T. 4/20/15

4

pp. 15-21, 29-32. The record is clear that the Court was aware of the sentencing range and guidelines. N.T. 4/20/15 pp. 6-8. The record contained ample testimony regarding the impact of the crime on the victim and her family, the Defendant's attempt to avoid prosecution, his involuntary return to the U.S. for purposes of prosecution, his subsequent decision to enter a non-negotiated guilty plea, and prospects for recidivism. The Court considered this extensive testimony as well as the SOAB, etc. in its decision to impose consecutive sentences. The Court considered the guidelines and rationally deviated from the guidelines to fashion an appropriate sentence within the purview of 42 Pa.C.S.A. §9721(b). As such, Defendant's claim is without merit.

Defendant next claims that, "the Court failed to consider the rehabilitative needs of the defendant; his acceptance of responsibility as demonstrated by his waiver of the preliminary hearings and his guilty plea; and his lack of any prior criminal contact, in violation of the general standards and principles governing sentencing set forth in 42 Pa.C.S.A. §9721(b)." Statement at ¶ 4(c). This claim is without merit.

> In fashioning a sentence, the trial court must impose a term of confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact of the victim and to the community, and the rehabilitative needs of the defendant.... Although the trial court must consider the Sentencing Guidelines, the court is not obligated to impose a sentence deemed appropriate under the Sentencing Guidelines. At the same time, the trial court cannot justly sentence a defendant unless it possesses sufficient and accurate information about the circumstances of the offense and the character of the defendant to formulate its judgment..

Commonwealth v. Anderson, 830 A.2d 1013, 1018 (Pa. Super. 2003) *citing* Commonwealth v. Begley, 780 A.2d 605, 642-43 (Pa. 2001).

Here, the Court considered the Defendant's rehabilitative needs, lack of prior criminal contact, his waiver of preliminary hearings, and ultimate decision to plead guilty. However,

those factors were not considered in isolation. The Court weighed those items against the circumstances of the heinous offenses, the gravity and impact of the offenses on the victim, Defendant's own niece whose cognitive and developmental functioning was that of an eight year-old, and the protection of the community. The Court possessed sufficient information regarding the nature of the offenses. N.T. 4/20/15 pp. 8-15. The Court was fully informed of the pre-sentence report, the mental health evaluation, and the SOAB evaluation which indicated the character of Defendant. N.T. 4/20/15 p. 7. The Court considered all these factors in fashioning an appropriate sentence for Defendant.

Lastly, Defendant claims that, "the Court violated sentencing norms by imposing a manifestly unreasonable and excessive sentence." Statement at ¶ 4(d). This claim is without merit.

It is well-settled that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion." Commonwealth v. Glass, 50 A.3d 720,727 (Pa. Super. 2012). When challenging a sentence, an appellant must reference the record to establish "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Id. Finally, the sentencing court must consider the need to protect the public, the gravity of the offense in relation to the impact upon the victim, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. §9721(b).

Here, in fashioning an appropriate sentence, the Court explicitly considered Defendant's acceptance of responsibility, the information contained in the pre-sentence report, the information contained in the mental health evaluation and SOAB report, the Sentencing Guidelines, the need to protect the public, the gravity of the offense, the impact on the victim and

6

victim's family, and Defendant's rehabilitative needs. N.T. 4/20/15 pp. 7, 15-21. The Court also considered testimony from Defendant, his daughter, his son, and the statement from Complainant's mother. N.T. 4/20/15 pp. 15-21, 29-32. The Court sentenced Defendant to incarceration on concurrent terms of seven and a half to fifteen years on the charges of Rape and IDSI, and five to ten years on the charge of Aggravated Indecent Assault, and a consecutive term of incarceration of one to three years for the charge of Flight to Avoid Apprehension. The sentences imposed by the Court were within the statutory maximum for each offense.[1] These sentences should be upheld because they are within the statutory maximum, the term of confinement is consistent with the protection of the public, the gravity of the offense as it relates to the life of the victim and community, and Defendant's rehabilitative needs. Smith at 838. As the Court clearly considered the appropriate factors under 42 Pa.C.S. § 9721(b) and sentenced Defendant within the statutory maximums, the sentences were not "manifestly unreasonable" and no relief is due.

## IV.    CONCLUSION

For all the foregoing reasons, the Court's judgment of sentence should be affirmed.

BY THE COURT:

ANN M. BUTCHART, J.

---

[1] According to the Pennsylvania Commission on Sentencing, the maximum sentencing provisions are as follows: Felony 1 offenses-20 years, Felony 2 offenses-10 years, Felony 3 offenses-7 years. Rape by Forcible Compulsion and IDSI are classified as Felony 1 offenses while Aggravated Indecent Assault without Consent is a Felony 2 offense and Flight to Avoid Apprehension, Trial or Punishment is Felony 3 offense.

7