J-S67021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANIEL P. BRAEUNIG, | : | |
| | : | |
| Appellant | : | No. 332 EDA 2017 |

Appeal from the Judgment of Sentence September 23, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0001357-2016

BEFORE:  GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 19, 2017**

Daniel P. Braeunig ("Braeunig") appeals from the judgment of sentence imposed following his guilty plea, at two separate Criminal Informations,[1] to one count each of driving under the influence ("DUI") − high rate of alcohol, DUI − general impairment, and homicide by vehicle. **See** 75 Pa.C.S.A. §§ 3802(b); 3802(a)(1); 3735(a).  We affirm.

The trial court set forth the relevant underlying facts as follows:

> Under … Criminal Information 0709-2016, [Braeunig] was found passed out in his vehicle while parked on a sidewalk, on December 27, 2015, at 4:19 p.m., in Wilson[] Borough,

_____

[1] We note that in his Notice of Appeal, Braeunig appealed from the sentence imposed at CP-48-CR-0001357-2016.  However, on appeal, Braeunig appeals the sentences imposed at CP-48-CR-0001357-2016 **and** CP-48-CR-0000709-2016.  Because the trial court imposed sentences at the two Criminal Informations together, we will address Braeunig's appeal as to both Informations.

_____

* Former Justice specially assigned to the Superior Court.

Northampton County. At that time, [Braeunig] was found to be in possession of a crack pipe in his shirt pocket and had a small plastic bottle of Jim Beam Honey Whiskey in his left front pocket of his pants. A search of [Braeunig's] vehicle turned up an additional nine empty small whiskey bottles and three full ones. [Braeunig] consented to a legal blood draw. The [blood alcohol content ("BAC")] result was .14%. [Braeunig] was processed[] by the Easton DUI Center[,] and then apparently released.

The charges contained in Criminal Information 1357-2016[] allege that on December 28, 2015, [Braeunig] was operating his 2008 Toyota Tundra when[,] at approximately 4:22 p.m., he crossed into the opposing lane of traffic in the 600 block of South Delaware Drive, Williams Township, and struck a Nissan Altima head-on. The driver of the Altima, Dallas Poff [("Poff")], died while he was entrapped inside his automobile. [Braeunig] was then arrested for suspicion of DUI. A legal blood draw was done which established [Braeunig's] BAC was .16%.

A witness at the scene of the accident provided a statement to the police that [Braeunig's] Toyota Tundra was driving "over 50 mph." The witness further related that the Tundra caught his attention because it was so close to him and traveling at a high rate of speed when it went by. The witness observed the Tundra then travel into the south lane of travel and dr[o]ve right into the car traveling behind the witness.

Trial Court Opinion, 12/21/16, at 3 (brackets omitted).[2]

On August 12, 2016, Braeunig pled guilty to the above-mentioned charges in two separate cases. On September 23, 2016, the trial court

---

[2] The trial court also noted that Braeunig had been charged with DUI offenses on December 13, 2015, and December 16, 2015, in New Jersey. **See** Trial Court Opinion, 12/21/16, at 2-3.

sentenced Braeunig to an aggregate prison term of 60 to 120 months.[3]

Braeunig filed Post-Sentence Motions, which the trial court denied.

Braeunig filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Braeunig raises the following questions for our review:

A. Did the trial court exceed its discretion by giving [Braeunig] the statutory maximum sentence, and do the reasons articulated for such sentence support or justify such a sentence?

B. Did the trial court's reasons for imposing the maximum sentence place undue emphasis on [Braeunig's] supposedly volitional choices, when the facts instead demonstrate the behavior of a person deeply affected by an addiction to alcohol and controlled substances, and likely suffering from a previously diagnosed bipolar condition, for which he had been prescribed various medications, which he was no longer taking?

C. Did the trial court give undue weight to the aforesaid factors, and insufficient weight to mitigating factors which include the fact that [Braeunig] turned himself in on these charges, completed a long-term rehab program that helped him understand and take responsibility for his actions and gain empathy and appropriate remorse, accepted responsibility for his actions by pleading guilty at the earliest available time, and suffered very serious injuries in the accident giving rise to this prosecution, from which he continues to suffer significant pain and disability?

D. Did the trial court give undue weight to the existence of, and presumed facts supporting, two DUI offenses in the state of

_____

[3] Specifically, the trial court sentenced Braeunig to concurrent terms of 60 to 120 months in prison on the homicide by vehicle conviction, 48 hours to 6 months in prison the DUI − high rate of alcohol conviction, and 30 days to 6 months in prison on the DUI − general impairment conviction.

New Jersey, for which [Braeunig] was arrested shortly before the two offenses on which the trial court sentenced him, about which charges the trial court, and the probation officer preparing the [pre-sentence investigation] report, had no information other than the nature of the charges?

Brief for Appellant at 6.

Braeunig's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Mastromino*, 2 A.3d 581, 585 (Pa. Super. 2010).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\* \* \*

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

Here, Braeunig filed a timely Notice of Appeal, presented his claim in Post-Sentence Motions, and included a Rule 2119(f) Statement in his brief. Braeunig's claims that the trial court failed to set forth legally or factually supported reasons for imposing the statutory maximum sentence, ignored relevant mitigating factors, and gave undue weight to his DUI charges in New Jersey raise substantial questions. *See* Brief for Appellant at 15-17; *see also Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014) (stating that "claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question."); *Moury*, 992 A.2d at 171 (noting that a substantial question exists where an aggravated-range sentence has been imposed without consideration of mitigating factors); *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010) (stating that a claim that the sentencing court relied on improper factors when imposing an aggravated-range sentence presents a substantial question).

Our standard of review of a challenge to the discretionary aspects of sentencing is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007).

The Sentencing Code provides that the sentencing court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S.A. § 9721(b). Additionally, in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence.  **Id.** When doing so,

> a [sentencing] judge … [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

**Commonwealth v. Bowen**, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted); **see also Commonwealth v. Dutter**, 617 A.2d 330, 333 (Pa. Super. 1992) (stating that "[i]f the court finds it appropriate to sentence outside the guidelines, of course it may do so as long as it places its reasons for the deviation on the record.").  Finally, when evaluating a challenge to the discretionary aspects of sentence, it is important to remember that the sentencing guidelines are purely advisory in nature. **Commonwealth v. Yuhasz**, 923 A.2d 1111, 1118 (Pa. 2007); **see also**

*Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007) (stating that "rather than cabin the exercise of a sentencing court's discretion, the [sentencing] guidelines merely inform the sentencing decision.").

We will address Braeunig's claims together. Braeunig contends that the trial court abused its discretion in imposing a statutory maximum sentence. Brief for Appellant at 22, 28. Braeunig argues that the trial court failed to provide adequate reasons to justify the sentence. *Id.* at 22-23, 30-34. Braeunig asserts that the trial court incorrectly relied upon his four DUIs over a 2-week period to demonstrate his lack of remorse, as remorse can only be determined after the commission of a crime. *Id.* at 23-24, 25, 28; *see also id.* at 25 (noting that Braeunig expressed remorse at his allocution). Braeunig claims that the trial court should not have relied upon his New Jersey DUI citations because the circumstances of each case were not entered into the record, and neither case had a final disposition. *Id.* at 25, 37-40. Braeunig further argues that the trial court double-counted his reckless actions, as recklessness was an element of the offense and could not be used separately to enhance the sentence. *Id.* at 26, 29. Braeunig also argues that the trial court should have considered his substance abuse problems and bipolar disorder as mitigating factors. *Id.* at 26, 28, 34, 35, 36; *see also id.* at 27-28, 31-33, 35 (noting that nothing in record supports the trial court's finding that he had been enrolled in multiple rehabilitation programs, and that he had completed an inpatient program after committing

the offense, which helped him take responsibility for his actions and show remorse). Braeunig asserts that the trial court did not consider his voluntary surrender or guilty plea in imposing the sentence. *Id.* at 36.

Here, the trial court considered Braeunig's pre-sentence investigation report. *See* N.T., 9/23/16, at 15; *see also Downing*, 990 A.2d at 794 (stating "where a trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed") (citations and quotation marks omitted); *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (noting that the "sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.") (citation omitted). The trial court also considered the sentencing guidelines; Braeunig's education and employment history; his extensive drug and alcohol issues; his mental health issues, including his bipolar diagnosis; his injuries from the accident; his prior criminal history; and his completion of a drug treatment program. N.T., 9/23/16, at 2, 4-8, 12, 13-15. The trial court further heard from Poff's widow and mother as to the impact of his death. *Id.* at 9-11.

Finally, the trial court noted that while Braeunig's feeling of remorse was "legitimate," such remorse was not reconcilable with his actions:

My problem is that on December 13th, you have a DUI in New Jersey[;] December 16th, you have a DUI in New Jersey. Then you come here, two days after Christmas, you have a DUI here in Pennsylvania, you get released, you go home, you drink, and then you get back in your car from your house where you're safe and the community is safe and you drive again a fourth time in two weeks and you kill someone because you had no concern about the safety of others or the safety for yourself. You had no remorse and you had no desire to try to contain your addiction and the risk on the community. And as a result of your cavalier attitude, you killed someone.

So your attitude and your activities over the last two weeks prior to this accident indicate[] that really [*sic*] a person who was uncaring and hardness of heart. That you would risk time and time again all of the people that were on the highways because you wanted to consume alcohol, be under the influence, and then transport yourself around the community.

*Id.* at 17-18; *see also id.* at 4 (wherein the trial court noted that Braeunig had open DUI charges in New Jersey).

Here, contrary to Braeunig's argument, we discern no error in the trial court's consideration of the open DUI charges in New Jersey. *See Commonwealth v. Johnson*, 481 A.2d 1212, 1214 (Pa. Super. 1984) (noting that "it is not improper for a court to consider a defendant's prior arrests which did not result in conviction, as long as the court recognizes the defendant has not been convicted of the charges"). In point of fact, the trial court did not aggravate the sentence based upon the open DUI charges in New Jersey, but instead considered other pertinent factors, such as the danger he presented to the community. Thus, based upon the foregoing, we conclude that there was no abuse of discretion in the trial court's sentence. *See Commonwealth v. Sheller*, 961 A.2d 187, 191-92 (Pa. Super. 2008)

(stating that the trial court did not abuse its discretion in imposing a sentence beyond the aggravated range where the court considered the pre-sentence investigation report, sentencing guidelines, protection of public, and appellant's rehabilitative needs); *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (rejecting the appellant's claim that the sentencing court had abused its discretion by imposing sentence without stating adequate reasons on the record, and holding that "[s]ince the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence[.]").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017