J-S13032-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LATASHA ANN SANTIAGO | : | |
| | : | |
| Appellant | : | No. 1946 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 3, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002294-2024

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED MAY 06, 2026**

Appellant, Latasha Ann Santiago, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following her open guilty plea to one count of conspiracy to commit robbery.[1]  We affirm.

The relevant facts and procedural history of this matter are as follows. On October 17, 2020, Appellant and her co-defendant/husband,[2] Jose Rafael Santiago, were involved in an incident where Mr. Santiago approached Christian Lopez-Rodriguez and Luis Galarza on the Hamilton Street Bridge in Allentown, Pennsylvania.  There was a brief interaction during which Mr. Santiago produced a semiautomatic handgun and told them to "run their pockets."  (N.T. Plea Hearing, 3/31/25, at 8).  Mr. Galarza gave Mr. Santiago

_____

[1] 18 Pa.C.S.A. § 903 (section 3701 related).

[2] At the time of the crimes at issue, they were not yet married.

his wallet.

At that time, Mr. Lopez-Rodriguez punched Mr. Santiago, who then shot him in the abdomen/pelvis area. Mr. Galarza, who was also armed, attempted to protect his friend by firing back at Mr. Santiago, who jumped over the side of the bridge and ran. Later that day, Mr. Lopez-Rodriguez died at the hospital. The shooting was witnessed by several motorists and passengers, including a car full of children, traveling on the bridge at the time, one of whom witnessed Mr. Santiago walking toward an idling gold-colored SUV after jumping from the bridge.

Shortly after the shooting, Mr. Santiago presented at a local hospital with a gunshot wound to the thigh, accompanied by Appellant. Mr. Santiago turned over a handgun to hospital security and admitted to police that he had been on the Hamilton Street Bridge when he was shot, and that he ran under the bridge, saw Appellant, and drove to the hospital in a gold SUV.

Appellant later confirmed that she had been driving the gold SUV with Mr. Santiago as a passenger, and that Mr. Santiago had requested she turn the vehicle around on the bridge, stop the car, and wait for him. Appellant also admitted that she knew Mr. Santiago's lifestyle of committing robberies and feared he would end up dead or incarcerated. Appellant also accepted money from Mr. Santiago which she knew had been procured during a robbery. Both Mr. Santiago and Appellant were arrested and charged in connection with Mr. Lopez-Rodriguez's death. On March 31, 2025, Appellant entered an open guilty plea to conspiracy to commit robbery.

On June 3, 2025, the matter proceeded to sentencing. At the hearing, the court acknowledged that Appellant had a prior record score of zero. The offense gravity score was 11, resulting in a standard range of 45 to 63 months' imprisonment, with aggravated and mitigated ranges of plus or minus 12 months, and a statutory maximum of 10 to 20 years. The guideline range contemplated that a deadly weapon had been possessed and serious bodily injury caused. Appellant spoke on her own behalf and presented several character witnesses. At the conclusion of the sentencing hearing, the court imposed the statutory maximum term of 10 to 20 years of incarceration.

On June 13, 2025, Appellant timely filed a post-sentence motion challenging the discretionary aspects of her sentencing. On July 8, 2025, the court denied Appellant's post-sentence motion. On July 23, 2025, Appellant timely filed a notice of appeal. On July 28, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. That same day, Appellant filed her statement.

On appeal, Appellant raises the following issue for review:

> Whether the trial court abused its discretion in its sentence for [Appellant] when the sentencing factors here were not compellingly different to justify a statutory maximum sentence for robbery that was substantially outside of the Pennsylvania Sentencing Guidelines?

(Appellant's Brief at 4) (unpaginated).

Appellant argues that the trial court abused its discretion when it imposed the statutory maximum sentence for her conviction. Appellant asserts that the trial court did not rely upon sufficient facts to impose a

sentence outside the guidelines. According to Appellant, the court relied primarily on the serious nature of the robbery, which resulted in the death of the victim. Appellant insists, however, that the sentencing guidelines already took into account the serious bodily injury factor. Appellant reiterates that the reasons cited by the trial court did not justify a substantial departure from the guidelines such that imposition of the statutory maximum sentence was excessive in light of the mitigating factors Appellant presented at sentencing.

As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Durazo*, 210 A.3d 316, 319-20 (Pa.Super. 2019) (stating claim that sentence is excessive and court erred in imposing unreasonable sentence outside of sentencing guidelines challenges discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

[W]e conduct a four-part analysis to determine: (1) whether

appellant has filed a timely notice of appeal, **see** Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be

evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Evans, supra*** at 533. "[W]hen the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of a sentence under the guidelines." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1049 (Pa.Super. 2011) (citation omitted). Nevertheless, a claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627.

Further, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013) (internal citation omitted). Nevertheless, an excessive sentence claim **in conjunction** with a claim that the sentencing court failed to consider certain mitigating factors raises a substantial question. ***Commonwealth v. Caldwell***, 117 A.3d 763, 769-70 (Pa.Super. 2015).

Instantly, Appellant filed a timely notice of appeal and preserved her sentencing challenge in a timely post-sentence motion and Rule 2119(f) statement. Further, her excessiveness claim coupled with her complaint that the court failed to appropriately consider mitigating factors arguably raises a substantial question for our review. **See Caldwell, supra**. Accordingly, we consider the merits of her sentencing issue.

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

**Commonwealth v. McNabb**, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting **Commonwealth v. Hess**, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002). "In particular, the court should refer to the defendant's prior

criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id***. "The trial court is vested with broad discretion in determining the defendant's sentence since the court is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Begley***, 566 Pa. 239, 301, 780 A.2d 605, 643 (2001) (citation omitted).

Moreover, this Court has explained:

> The sentencing court may, in an appropriate case, deviate from the guidelines by fashioning a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. In doing so, the sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only.

***Commonwealth v. McLaine***, 150 A.3d 70, 76-77 (Pa.Super. 2016), *appeal denied*, 641 Pa. 479, 168 A.3d 1267 (2017) (citation omitted). "When reviewing a sentence outside of the guidelines, the essential question is whether the sentence imposed was reasonable." ***Durazo, supra*** at 321 (citation omitted). "A sentence may be found unreasonable if it fails to properly account for the four statutory factors of [42 Pa.C.S.A. §] 9781(d)."[3]

---

[3] Section 9781(d) provides that reviewing courts should consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

*(Footnote Continued Next Page)*

*Commonwealth v. Pisarchuk*, 306 A.3d 872, 881 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 318 A.3d 95 (2024) (citation omitted).

Generally,

> ... Where the sentencing court had the benefit of a [pre-sentence investigation ("PSI") report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988).  *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).  A trial court imposing a sentence outside of the guidelines is **not** presumed to have considered all relevant information regarding a defendant's character solely by virtue of its review of a PSI.  *See Commonwealth v. Dutter*, 617 A.2d 330, 332 (Pa.Super. 1992).  Nevertheless, a court's statement that it reviewed a PSI report, in conjunction with an appropriate on-the-record explanation of its sentencing considerations, demonstrates the court's conscientiousness in imposing such a sentence.  *See Commonwealth v. Ali*, 197 A.3d 742, 763

---

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

(Pa.Super. 2018).

Instantly, the trial court sentenced Appellant to 10 to 20 years' imprisonment, beyond the aggravated range of the guidelines but within the statutory limits. The court explained its sentencing rationale as follows:

> The [c]ourt has reviewed the PSI and all of its attachments, has listened to counsel's arguments, has listened to [Appellant's] allocution, has listened to all four witnesses herein court today, has reviewed the court transcripts.
>
> Before the [c]ourt is a 36-year-old female, who, in the PSI, the [c]ourt has learned, suffered a tremendous amount of childhood trauma, including being pregnant in middle school and her mother being incarcerated and [I have] considered those events along with everything else that I have read here in this PSI. However, I have to balance what I've read in the PSI with what I've learned about this case and about [Appellant]. This will not be a standard range sentence for the following reasons:
>
> This was not a traditional robbery. This is not an individual who goes into a convenience store and passes a note and asks for money and says they're going to do something. This is not, I'll say, a traditional robbery. This is a robbery that ended in a homicide, and the life of somebody was taken here, a 21-year-old man, which [Appellant] would understand how much life would be left to live because her own children are that age. So [Appellant] understands that.
>
> In [your] early 30s, you [made a decision] to become involved with a man who was a robber. That's what he was. He was a robber. You dated him while he robbed others and continued to date him. This robber, ultimately, became a murderer. And you double down and decided to marry a murderer. And that is particularly concerning to this [c]ourt.
>
> .... You were part of [collective steps] which ultimately led to the death of someone else. And the [c]ourt does not take that lightly. This is a very favorable plea. And because of these particular circumstances and set of facts and serious nature of this offense ….

\*　　\*　　\*

I will add that it's also because [Appellant] did incur a misconduct.  Whether it be minor or major, it was still a misconduct.  And, third, [Appellant] had four years to turn this around, to make a difference, to cooperate and bring some justice to this family and chose not to.[4]  So those are the three reasons.  And I've stated the facts earlier.

(N.T. Sentencing, 6/3/25, at 29-31).  In its order denying Appellant's post-sentence motion, the court further explained:

This [c]ourt considered all the required [factors when] sentencing [Appellant].  Indeed, in imposing [Appellant's] sentence, this [c]ourt considered the "protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, [Appellant's] rehabilitative needs, and the sentencing guidelines."

Prior to sentencing, this [c]ourt carefully reviewed the [PSI report] prepared on May 29, 2025.  This [c]ourt did not fail to consider mitigating factors.  Indeed, this [c]ourt was aware of all of the information contained within the [PSI report], including [Appellant's] early childhood trauma and struggle at an early age as a result of getting pregnant and having to drop out of school, work history, as well as the fact that she is an active member of her community.  However, this [c]ourt was also aware of the facts giving rise to her Conspiracy to Commit Robbery charge, [Appellant's] propensity to downplay her involvement, her poor decision to knowingly date a robber and marry a murderer who was the Co-Defendant in this case, and the misconduct that she incurred in the Lehigh County Jail.

This [c]ourt articulated the reasons on the record for the imposition of the statutory maximum sentence: (1) this is an atypical Conspiracy to Commit Robbery, as the Robbery resulted in the homicide of a [21-year-old] man; (2) the

_____

[4] The record indicates that Appellant was not arrested in connection with the murder until 2024 when ballistics evidence revealed that the gun used had been registered to Mr. Santiago.

- 11 -

serious nature of the offense in light of the facts of the case; [(3)] the impact on the victims, including a vehicle full of children; [(4)] [Appellant] incurred a misconduct while at the Lehigh County Jail; and [(5)] [Appellant] had [4] years to cooperate and bring justice to the victim's family, but she chose not to do so.

Using its discretion, this [c]ourt imposed a sentence that complied with the negotiated plea agreement and was within the guidelines and within the law.

(**See** Order, 7/8/25, at 1-3 n.1) (some citations omitted).

Here, the record reflects that the court had the benefit of a PSI report and explicitly considered the mitigating factors therein at the sentencing hearing as part of its sentencing rationale. **See Ali, supra**; **Moury, supra**; **Dutter, supra**. Although the court imposed a sentence beyond the guidelines, it was still within statutory limits and, because the court explicitly and at length considered the statutory factors provided by the sentencing guidelines, and articulated its reasons for deviating from the guidelines, the sentence was reasonable. **See Pisarchuk, supra**; **Durazo, supra**; **McLaine, supra**. On this record, we see no reason to disrupt the court's sentencing discretion. **See McNabb, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:5/6/2026