J-S37044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY TERRY BENNETT | : | |
| | : | |
| Appellant | : | No. 180 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005801-2015

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED JANUARY 4, 2022**

Appellant Roy Terry Bennett appeals *nunc pro tunc* from the Judgment of Sentence Entered in the Court of Common Pleas of Philadelphia County on September 28, 2016.[1]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The lower court docket indicates the trial court imposed its judgment of sentence on September 28, 2016, and on October 12, 2016, a notice of appeal was filed.  On September 5, 2017, this Court dismissed the appeal for failure to file a Brief for Appellant. On February 26, 2020, Appellant filed a  PCRA petition. On November 10, 2020, the PCRA petition was granted, and Appellant's post-sentence motion and direct appeal rights were reinstated *nunc pro tunc*. On November 20, 2020, Appellant filed a post-sentence motion, and the trial court denied the same on December 9, 2020. On January 7, 2021, counsel for Appellant filed the instant notice of appeal stating the appeal was from the "order entered in this matter on the **9 of December, 2020**." (emphasis added). However, counsel for Appellant erroneously appealed from the December 9, 2020, Order denying the post-sentence motion. "In a criminal action, appeal properly lies from the judgment of
*(Footnote Continued Next Page)*

The trial court set forth the relevant facts and procedural history herein as follows:

> Appellant was arrested on April 29, 2015 and charged with Possession of a Firearm Prohibited, Criminal Trespass, Discharge of a Firearm into Occupied Structure, Firearms not to be Carried Without License, Carrying Firearms in Public in Philadelphia, Possession of an Instrument of Crime, Recklessly Endangering Another Person, and related charges. On March 15, 2016, Appellant waived his right to a jury trial and proceeded to a waiver trial before the Honorable Gwendolyn N. Bright where he was adjudged Guilty of the aforementioned crimes and Not Guilty of the remaining charges. Sentencing was deferred for a Pre-Sentence Investigation and Mental Health report. On September 28, 2016, Appellant was sentenced to seven to fourteen years of incarceration followed by six years of probation. On October 12, 2016, Appellant filed a timely appeal to the Superior Court of Pennsylvania. On October 27, 2017, the appeal was dismissed for failure to file briefs.
>
> The instant Post-Conviction Relief Act Petition was filed on February 26, 2020, On November 10, 2020, the PCRA Petition was granted, allowing Appellant leave to appeal nunc pro tunc to the Superior Court and to file post-sentence motions. On November 20, 2020 post-sentence motions were filed. On December 9, 2020, post-sentence motions were denied. On January 7, 2021, notice of appeal to the Superior Court was filed.

*** 

> FACTS
> The facts of this case are respectfully incorporated from the 1925(a) Opinion filed on January 19, 2017 as follows:

---

sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*) (citation omitted), *appeal denied*, 800 A.2d 932 (Pa. 2002). We have amended the caption accordingly. **See Commonwealth v. Lawrence**, 99 A.3d 116, 117 (Pa.Super. 2014).

The facts established at trial were that as of March 2015, Appellant had been looking for his wife whom he had reported missing. N.T. 3/15/2016[1] at 45, 47. Sometime in April of 2015, he discovered that she was staying at the home of Paul Bryant, the Complainant. Bryant lived at 3870 Wyalusing Avenue in Philadelphia and had been dating Appellant's wife. Id. at 9.

Upon discovering his wife's location, Appellant arranged to enter the house with a woman named Kim who had alerted Appellant to his wife's location. Id. at 64. On April 19, 2015, Appellant followed Kim into Complainant's home and attempted to engage her in conversation. Id. at 11. The police were called and Appellant was told to leave which he did. Id. at 41.

Later that night, around midnight, Appellant returned armed with a sawed-off shotgun. After attracting Complainant's attention by throwing rocks at his upstairs windows, Appellant waited on the corner until Complainant came out on his porch. Id. at 12-13. Appellant charged toward Complainant pulling the sawed-off shotgun from a black duffel bag he was carrying. Id. at 13-14. Complainant retreated into his home closing the door behind him. Id. at 13. Appellant fired the shotgun at the door putting a hole in the front door and shattering the glass door in the vestibule. Id. at 14. Complainant fled to the back kitchen door where he hid. Id. at 15. Appellant entered the premises and ran up the stairs to the second floor where his wife was staying. Id. at 15-16. Unable to get the back door open, Complainant fled out the front door and ran to a neighbor's home. Id. at 16.

Police arriving at the scene encountered Complainant who was shook up and Appellant's wife who was upset and afraid, shaking and crying. Id. at 34-35. A warrant was issued for Appellant's arrest on April 28, 2015. Id. at 57.

Appellant testified at trial and, although he admitted to going to Complainant's house every day after he learned of his wife's location, denied any involvement in the shooting. Id. at 73.

———

[1] "N.T." refers to the Notes of Testimony taken at the waiver trial and sentencing before the Honorable Gwendolyn N. Bright on March 15, 2016 and September 28, 2016.

Trial Court Opinion, filed 3/22/21, at 1-3.

On January 26, 2021, Appellant filed his Pa.R.A.P. 1925(b) statement of matters complained of on appeal, and the trial court filed its Pa.R.A.P. 1925(a) Opinion on March 22, 2021.

In his brief Appellant presents the following issues for this Court's review:

> I.   Whether Appellant's sentence was unduly harsh and excessive[?]
>
> II.  Whether the verdict was against the weight of the evidence[?]

Brief for Appellant at 8.

Appellant's first claim pertains to the discretionary aspects of his sentence. It is well settled that:

> challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Proctor***, 156 A.3d 261, 273 (Pa.Super. 2017) (some citations omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or

(2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Instantly, Appellant preserved this issue in by raising it in his post sentence motion, filing a timely appeal *nunc pro tunc*, and including a Pa.R.Crim.P. 2119(f) statement in his appellate brief. The Rule 2119(f) statement alleges the sentencing court imposed a manifestly excessive sentence so as to constitute too severe a punishment and failed to provide adequate reasons for its sentence. Appellant further asserts the sentencing court "made no mention that it considered Appellant's life free of crime for ten years and did not consider the age of the defendant and the unique facts of this case." Brief of Appellant at 14.

In light of the foregoing, we conclude that Appellant has presented a substantial question. *See Commonwealth v. Sexton*, 222 A.3d 405, 420 (Pa.Super. 2019), *appeal denied*, 229 A.3d 568 (Pa. 2020) (finding excessive sentence claim raised in conjunction with an assertion that the trial court failed to consider mitigating factors raises a substantial question and that a claim the sentencing court failed to set forth adequate reasons for its sentence raises a substantial question). *See also Commonwealth v. Caldwell*, 117 A.3d 763, 769-770 (Pa.Super. 2015) (*en banc*) (holding that an assertion that a sentence is excessive, in conjunction with a claim that the trial court failed to consider all pertinent factors, raises a substantial question); *Commonwealth v. Stalnaker*, 545 A.2d 886, 889 (Pa.Super. 1988) (finding

a substantial question existed with respect to the appropriateness of the appellant's sentence based on the circumstances of the case including the appellant's age, lack of criminal history, and "relative harshness of a state as opposed to a county sentence").

Thus, we consider the merits of this issue and employ a well-settled standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa.Super. 2006) (citation omitted). Additionally, the Pennsylvania Supreme Court has determined that where the trial court is informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.

The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the PSI; thus properly considering and weighing all relevant factors." ***Commonwealth v. Edwards***, 194 A.3d 625, 637-38 (Pa.Super. 2018).

Aside from his summaries of various caselaw, Appellant's argument on this issue is as follows:

> In the instant matter the sentencing court abused its discretion because the Appellant's sentence was unreasonable with the meaning of 42 Pa.C.S.A. § 9721(b). The record did not indicate more than a cursory mention of the court's reasons for sentencing the Appellant. (N.T. 9/28/16 at 13).
> The Appellant was 53 years old and even though he had a criminal record, he had been crime free for over 10 years. He had various job opportunities and was doing volunteer work. He testified that he was attempting to get a bank loan to open a grocery store. Additionally he testified he was planning to go to family Court to get custody of his twins. (N.T. 9/28/16 at 12).
> He was remorseful for his actions but there were emotional circumstances that should have led the court to give a lesser sentence in that another man took Appellant's wife into his house and wouldn't let her out.

Brief of Appellant at 18.

The learned trial court addressed this issue as follows:

> Appellant makes no assertions as to any sentencing violations other than to simply state that his sentence is "harsh and unreasonable". Appellant was found guilty of Criminal Trespass (F2), VUFA (6105)(F2), Discharge of a Firearm into an Occupied Structure (173), VUFA (6106)(F3), VUFA (6108)(M I), PIC (Ml) and REAP (M2). Appellant presented for sentencing with a lengthy criminal record. He had a long history of juvenile arrests, adjudications and commitments and followed that pattern into adulthood. As an adult, he had four separate convictions, all including burglary or VUFA charges, prior to the instant case,

- 7 -

earning him a prior record score of RFEL at his sentencing. N.T. 9/28/2016 at S. At sentencing the Commonwealth requested a guideline sentence of 15 to 30 years of incarceration. Id. at 8. Appellant was sentenced as follows:

VUFA(6105)(F2): 60 to 120 months

Criminal Trespass (F2): 24 to 48 months, followed by 6 years probation

Discharge of a Firearm into an Occupied Structure (F3): 42 to 84 months

VUFA (6106)(F3): 42 to 84 months

VUFA(6108)(M1): 30 to 60 months

PIC(M1): No further penalty

REAP(M2): 12 to 24 months

All of Appellant's sentences are in the standard or mitigated guideline range. In order to gain relief, Appellant must show by any reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reason of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Commonwealth v. Antidormi, 84 A.3d 736, 760-761 (Pa. Super. 2014). There has been no sentencing error here.

Trial Court Opinion, filed 3/22/21 at 3-4.

Applying our deferential standard of review and upon our review of the record, we find no abuse of discretion. Clearly, the trial court was aware of the relevant sentencing factors and the sentencing guidelines, and the court had the benefit of both a PSI and mental health report prior to sentencing. The court determined the offense gravity score and both the Commonwealth and defense counsel agreed with its calculation. N.T. Sentencing, 9/28/16, at 5.

In addition, Appellant exercised his right of allocution at the sentencing hearing, at which time he informed the trial court he had some job opportunities, was volunteering his time and working toward a GED, hoped to open his own business, and intended to seek to obtain custody of his twins. He also assured the trial court he was not a violent person and knew how to control his anger. *Id*. at 11-13.

The trial court responded to Appellant's remarks by noting that his actions were extremely violent and could have resulted in serious injury. The court further commented that Appellant's extensive background with the criminal justice system evinced his inability to control himself. *Id*. at 13. The trial court proceeded to impose sentences each of which was within the standard or mitigated range of the Sentencing Guidelines. *Id*. at 14.

"Although a sentencing judge must state his or her reasons for the sentence imposed, a discourse on the court's sentencing philosophy is not required[; however, [t]he court must explain any deviation from the sentencing guidelines." *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa.Super. 2003) (internal citations, quotation marks, and ellipsis omitted). Nevertheless, trial courts are permitted to use prior conviction history and other facts already included in the guidelines if they supplement that information with other sentencing factors. *Id*. at 339.

While Appellant complains that the trial court did not consider certain mitigating factors, it is evident the court did carefully consider those factors

at sentencing but chose not to give those mitigating factors as much weight as Appellant would have preferred. "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009).

Appellant next posits his convictions were against the weight of the evidence.

> When considering a weight of the evidence claim,
>
> our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Habay***, 934 A.2d 732, 736-37 (Pa.Super. 2007) (citations omitted).

In his Statement of Matters Complained of on Appeal, Appellant merely stated "[t]he [c]ourt was in error in denying the post sentence motion that the verdict was against the weight of the evidence and insufficient as a matter of law filed on November 20, 2020. A detailed analysis of this issue is in the

post sentence motion." ***See*** Statement of Matters Complained of on Appeal, filed 1/26/21, at ¶ 2.[2]

In response, the trial court indicated in its Rule 1925(a) Opinion that Appellant had waived its challenge to the sufficiency of the evidence in that he had failed to specify which of the many elements of his various convictions on which the evidence was insufficient, and the trial court engaged in only a general, three-sentence discussion of his weight of the evidence challenge. Trial Court Opinion, filed 3/22/21, at 5. Thus, prior to considering the merits of this issue, we first must consider whether Appellant has preserved it for appellate review.

Our Courts consistently have ruled that where the trial court directs a defendant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925, any issues not raised in that statement shall be waived. ***Commonwealth v. Bullock***, 948 A.2d 818, 823 (Pa.Super. 2008) (citing ***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998)). In ***Commonwealth v. Butler***, 812 A.2d 631, 633 (Pa. 2002), our Supreme Court reaffirmed its holding in ***Lord*** and stated: "In ***Lord***, however, this Court

---

[2] Appellant did not develop a challenge to the sufficiency of the evidence in his appellate brief; therefore, he has waived the same. "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*) (citation omitted).

eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925 .... Thus, waiver under Rule 1925 is automatic." *See also Commonwealth v. Oliver*, 946 A.2d 1111, 1115 (Pa.Super. 2008) (noting that *Lord* "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues the parties plan to raise on appeal. The absence of a trial court opinion addressing a particular claim poses a substantial impediment to meaningful and effective appellate review. *Commonwealth v. Lemon*, 804 A.2d 34, 36 (Pa.Super. 2002). Thus, Rule 1925 is a crucial component of the appellate process. *Id.* at 37. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa.Super. 2001).

Furthermore, claims that are not raised before the trial court are waived. *See Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa.Super. 2000) (stating that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal."); *Commonwealth v. Ryan*, 909 A.2d 839, 845 (Pa.Super. 2006) (citing *Commonwealth v. Gordon*, 528 A.2d 631, 638 (Pa.Super. 1987) (reiterating that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief.")). Moreover, "[e]ven if the trial court correctly guesses the issues [an]

[a]ppellant raises on appeal and writes an opinion pursuant to that supposition the issue is still waived." ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa.Super. 2002).

We do not condone Appellant's incorporation by reference of an analysis set forth in his post sentence motion in paragraphs one and two of his Statement of Matters Complained of on Appeal. ***See Commonwealth v. Smith***, 955 A.2d 391, 393 n.5 (Pa.Super. 2008) (stating: "We do not condone the Commonwealth's incorporation by reference of its motion for reconsideration. A Rule 1925(b) statement should include a concise statement of each issue to be raised on appeal").

In ***Commonwealth v. Seibert***, 799 A.2d 54 (Pa.Super. 2002), Seibert alleged in his concise statement that "[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges." ***Seibert***, 799 A.2d at 62 (brackets in original). The trial court dismissed Seibert's weight claim summarily without addressing any specific weight of the evidence issue upon finding it was too vague to permit review, despite his raising specific reasons in his brief as to how the verdict was against the weight of the evidence.

Conversely, our Supreme Court recently declined to find waiver of a weight claim based on a vague Rule 1925(b) statement. ***See Commonwealth v. Rogers***, 250 A.3d 1209, 1223–25 (Pa. 2021). In his statement, Rogers included a weight claim which alleged that the verdict was against the weight of the evidence because the testimony of specific persons was vague,

inconsistent, and unreliable, such that the verdict based thereon was pure conjecture. Our Supreme Court concluded that such a statement was not too vague to permit review because the issue was readily understandable from the context.

Upon review, we conclude that Appellant's Statement of the Matters Complained of on Appeal herein is more akin to that presented *Seibert* than that found in *Rogers*. As in *Seibert*, Appellant raised a specific argument in his appellate brief on appeal as to why the verdict was against the weight of the evidence, namely the alleged "evasive and totally incredible" testimony of Paul Bryant, *see* Brief of Appellant at 19, but he did not include such specifics in his concise statement.

Instead, he merely presented a generic weight challenge therein which caused the trial court to find Appellant's sufficiency claim waived based upon his deficient concise statement and to summarily dismiss Appellant's weight claim as it did not shock the court's conscience. Unlike the situation presented in *Rogers*, Appellant's specific weight argument developed on appeal was not readily understandable from the context of his concise statement. As such, we find that Appellant waived his challenge to the weight of the evidence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022